THOMAS W. KEMPTON *vs.* JOHN M. BURGESS & others.

Bristol.    Oct. 24. — Dec. 4, 1883.    FIELD & W. ALLEN, JJ., absent.

The plaintiff in a bill in equity, before hearing, moved "for leave to enter a discontinuance." *Held*, that this motion, though informal, might be treated as a motion for an order dismissing the bill ; and that the plaintiff was entitled to a decree dismissing the bill without prejudice.

BILL IN EQUITY.    Before the hearing on the merits, the plaintiff moved " for leave to enter a discontinuance of said cause." This motion was overruled; and a decree was ordered dismissing the bill, and that the defendant Burgess recover his taxable costs. The plaintiff appealed to the full court.

*E. L. Barney*, (*A. E. Clarke* with him,) for the plaintiff.

*H. M. Knowlton*, for the defendant Burgess.

MORTON, C. J.    In actions at law, the right of a plaintiff to become nonsuit, or to discontinue at any time before a trial is begun, is undoubted. *Burbank* v. *Woodward*, 124 Mass. 357. The same rule, in substance, prevails in suits in equity in which the plaintiff brings the bill for his sole benefit and no other person is interested in its maintenance.

In such cases, it is a matter of course to permit a plaintiff to dismiss his bill at any time before a hearing, upon payment of the costs. 1 Dan. Ch. Pl. & Pr. (5th Am. ed.) 790–792. *Burras* v. *Looker*, 4 Paige, 227. *Cummins* v. *Bennett*, 8 Paige, 79. Such an order of dismissal is in the nature of a nonsuit at law,

and is not a bar to another bill. If, at the time of the hearing, a plaintiff in equity is not ready to go on, and the court refuses to grant further time, he may move for an order dismissing his bill, which should be granted upon payment of the costs; if he does not do so, the defendant is not entitled to a decree upon the merits, but can only have the bill dismissed for want of prosecution; and such a dismissal, like a dismissal upon the plaintiff's motion, is not a bar to a new bill. Story Eq. Pl. § 793. *Foote* v. *Gibbs*, 1 Gray, 412. When a bill is dismissed upon the motion of the plaintiff, it is a safe and convenient practice, and we think it is our usual practice, to dismiss it without prejudice. *Bigelow* v. *Winsor*, 1 Gray, 299, 301.

In the case before us, the plaintiff moved "for leave to enter a discontinuance." This was informal, but it is equivalent to, and may be treated as, a notice for an order dismissing his bill.

It may be doubtful whether the decree passed in this case would operate as a bar to a new bill; but we are of opinion that, in order to save any question as to its effect, and fully to preserve the rights of the plaintiff, it should be modified so as to stand as a decree dismissing the bill without prejudice, and with costs. *Decree accordingly.*