### BUTCHERS' SLAUGHTERING AND MELTING ASSOCIATION *vs.* CITY OF BOSTON.

Suffolk. March 7. — May 9, 1884. DEVENS & COLBURN, JJ., absent.

The record of a suit in equity showed that a bill was duly filed and entered; that no plea, answer, or replication was filed; that the parties, after several continuances, filed an agreement that the bill might be dismissed, with costs; and that it was thereupon ordered and decreed by the court that the bill be, and the same was, dismissed, with costs. *Held*, in an action at law between the same parties for the same cause of action, that the decree in the suit in equity was not a conclusive bar to the action; and that evidence was admissible to show that such decree was not rendered upon the merits.

CONTRACT to recover the amount of a betterment tax assessed upon the plaintiff, and paid under protest. Trial in the Superior Court, without a jury, before *Mason*, J., who found for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*G. H. Kingsbury*, for the plaintiff.

*E. B. Hagar*, for the defendant.

MORTON, C. J. The defendant relied, as a bar to the plaintiff's action, upon a judgment in a former suit in equity between the same parties; and the Superior Court ruled that the decree in the equity suit was a conclusive bar, and rejected evidence offered by the plaintiff to show that such decree was not rendered upon the merits. We are of opinion that this ruling was erroneous.

The record of the former suit shows that a bill was duly filed and entered; that no plea, answer, or replication was filed; that the parties, after several continuances, filed an agreement that "the bill may be dismissed, with costs;" and thereupon "it was ordered and decreed by the court that said bill be, and the same was, dismissed, with costs." This record does not conclusively show that there was an adjudication upon the merits.

A decree dismissing a bill upon a hearing and adjudication of the merits is a bar to another suit, either in equity or at law, between the same parties for the same cause of action. *Bigelow* v. *Winsor*, 1 Gray, 299. *Foote* v. *Gibbs*, 1 Gray, 412. But if a bill is dismissed for some cause not involving an adjudication

upon the merits, such as that the plaintiff has an adequate remedy at law, such dismissal is not a bar to a suit at law. *Foote* v. *Gibbs, ubi supra. Kempton* v. *Burgess,* 136 Mass. 192. If the record does not show for what cause the bill is dismissed, resort may be had to extrinsic evidence to show this. *Foye* v. *Patch,* 132 Mass. 105, and cases cited. The record of the former suit in equity shows that no issue on the merits was joined or tried, and *prima facie* is not a bar to this action. *Jordan* v. *Siefert,* 126 Mass. 25. A sufficient reason for dismissing the bill, as disclosed by the record, was that the court had not jurisdiction in equity, but that the plaintiff's proper remedy was a suit at law, the one he is here pursuing. *Norton* v. *Boston,* 119 Mass. 194. *Exceptions sustained.*