## HOLLINGSWORTH AND VOSE COMPANY *vs.* FOXBOROUGH WATER SUPPLY DISTRICT.

Norfolk.   March 24, 1898. — June 23, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Discretion of Presiding Justice — Dismissal of Bill in Equity — Decree — Issues of Fact — Practice.*

After the answer and the replication had been filed in a suit in equity, issues of fact were framed for a jury, the judge ruling, on the plaintiff's offer of proof, that the suit could not be maintained.   Upon a hearing in this court, the ruling was reversed and the case was ordered to stand for trial, at which the defendant had a verdict, which was set aside on the ground that an article prejudicial to the plaintiff was sent by one of the defendant's counsel, not now in the case, to a newspaper printed in the county for publication, and that a copy containing the article was sent by him, just before the trial, to all the jurors upon the panel " with the design, and for the purpose of improperly influencing, interfering [*sic*], and corrupting the jury in the discharge of their duty."   The case was afterwards twice continued, and then the plaintiff filed its motion, upon which the judge entered a decree dismissing the plaintiff's bill without prejudice, with costs to the defendant, and with a provision made under the plaintiff's stipulation, that, if another suit was brought against the defendant for the same cause, the defendant might, if he desired, have a trial by jury upon the issues of fact. *Held*, that the decree, which was made nearly three and a half years after the suit was begun, was in the nature of an exercise of discretion, or a decision of fact upon the facts reported, and that the court could not say that it was not warranted.

The rule that, when questions of fact are determined in equity upon the oral testimony of witnesses, the decision of the justice who saw the witnesses will not be reversed unless it is plainly wrong, applies to questions of discretion decided upon such testimony, as well as to other questions of fact.

BILL IN EQUITY, praying for an injunction against further interference with the plaintiff's water, and for damages.   The

case, having been previously reported 165 Mass. 186, was now reported by *Richardson,* J., for the determination of this court. The facts appear in the opinion.

The case was argued at the bar in March, 1898, and afterwards was submitted on briefs to all the justices.

*W. D. Turner,* for the defendant.

*E. C. Bumpus & H. E. Ware,* for the plaintiff.

KNOWLTON, J. In this case there was a decree dismissing the plaintiff's bill without prejudice, with costs to the defendant, and with a provision made under the plaintiff's stipulation, that, if another suit is brought against the defendant for the same cause, the defendant may, if it desires, have a trial by a jury upon the issues of fact. The question is whether the decree is erroneous.

In *Kempton* v. *Burgess,* 136 Mass. 192, it is said by Chief Justice Morton, in giving the opinion, that in suits in equity in which the plaintiff brings the bill for his sole benefit, and no other person is interested in its maintenance, " it is a matter of course to permit a plaintiff to dismiss his bill at any time before a hearing, upon payment of the costs." It is also said in that case, and it is well settled law, that a decree dismissing a bill in equity for want of prosecution, and without a hearing upon the merits, is no bar to a new suit. Such a dismissal is in fact without prejudice, and it is a safe and convenient practice so to state in the decree. *Bigelow* v. *Winsor,* 1 Gray, 299, 301. *Kempton* v. *Burgess,* 136 Mass. 192. The plaintiff can have his bill dismissed, as a matter of absolute right, without a decision upon the merits, if no decree or order has been entered in the case. But upon his motion to dismiss after an order or decree has been entered, it is the practice of the court to exercise its discretion in his favor, if nothing has been done which materially affects the rights or situation of the parties so as to render it inequitable to leave the defendant without a final adjudication upon the merits. In *Chicago & Alton Railroad* v. *Union Rolling Mill Co.* 109 U. S. 702, 713, it is said that the general rule, that " a complainant in an original bill has the right at any time, upon payment of costs, to dismiss his bill, . . . is subject to a distinct and well settled exception, namely, that after a decree, whether final or interlocutory, has been made, by

which the rights of a party defendant have been adjudicated, or such proceedings have been taken as entitle the defendant to a decree, the complainant will not be allowed to dismiss his bill without the consent of the defendant." In *Saylor's appeal*, 39 Penn. St. 495, the law is stated as follows: " It is the general rule in a court of chancery that a complainant may move to dismiss his own bill with costs, at any time before the decree, and it is a matter of course to permit him to dismiss it; . . . and even upon the hearing of the cause, if the court has merely directed an issue, the plaintiff may, before the trial of the issue, obtain an order to dismiss the bill with costs, because the directing of an issue is only to satisfy the conscience of the court preparatory to its giving judgment. But the rule is not so after the issue has been tried and determined for the defendant. The plaintiff cannot then move to dismiss, because the defendant is then entitled to have the cause set down for a hearing in order to obtain a formal dismissal." See also *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 164 Mass. 222, 224; *Carrington* v. *Holly*, Dickens, 280; *Curtis* v. *Lloyd*, 4 Myl. & Cr. 194; *Booth* v. *Leycester*, 1 Keen, 247, 255; *Pickett* v. *Loggon*, 14 Ves. 215; *American Bell Telephone Co.* v. *Western Union Telegraph Co.* 21 U. S. App. 627; *Purdy* v. *Henslee*, 97 Ill. 389; *Reilly* v. *Reilly*, 139 Ill. 180.

The general rule seems to be that the court, on the plaintiff's motion, will dismiss his bill on payment of costs as for want of prosecution, unless something has been done in the case which entitles the defendant, on equitable grounds, to have the suit finally disposed of on the merits. If there have been decrees or other proceedings whereby a defendant's situation has been changed, and he has acquired rights which did not exist, or which had not been determined when the suit was brought, and which render it equitable that these rights should be fully secured by further proceedings in the cause, the court, at the defendant's request, will retain it for a decision upon the merits; but when nothing has been done by the court or the parties that changes the position in which they were when the suit was begun, the rule is different. It has often expressly been held that in order to prevent a decree allowing a dismissal of the plaintiff's bill upon his motion, on payment of costs, the injury

to the defendant from a dismissal must be something more than the incidental annoyance of a second suit for the same cause. *Stevens* v. *Railroad Co.* 4 Fed. Rep. 97. *Bank of South Carolina* v. *Rose*, 1 Rich. Eq. 292, 294. *Electrical Accumulator Co.* v. *Brush Electric Co.* 44 Fed. Rep. 602, 605. *Detroit* v. *Detroit City Railway*, 55 Fed. Rep. 569. This seems to be the rule deducible from all the cases. Ordinarily the payment of costs is treated as full indemnity to the defendant for bringing against him a suit in which he prevails.

In the present case the decree in question was made nearly three and a half years after the suit was begun. After the answer and the replication had been filed, issues of fact were framed for a jury. At the trial of the issues the judge ruled, on the plaintiff's offer of proof, that the suit could not be maintained, and reported the case to this court. Upon hearing in this court, reported 165 Mass. 186, the ruling was reversed, and the case was ordered to stand for trial. A trial was subsequently had, and a verdict was rendered for the defendant. This verdict was set aside on the ground that an article prejudicial to the plaintiff was sent by one of the defendant's counsel, not now appearing in the case, to a newspaper printed in the county for publication, and that a copy of the newspaper containing the article was sent by him, just before the trial, to all the jurors upon the panel, " with the design, and for the purpose of improperly influencing, interfering [*sic*], and corrupting the jury in the discharge of their duty." The case was afterwards twice continued, and then the plaintiff filed its motion to dismiss without prejudice, upon which the decree in question was made. Other motions were filed which are immaterial, as no order affecting the present rights of the parties was made upon any of them.

The result of all this litigation, up to the time of making the decree, was to leave the parties in precisely the same position as they were in when the pleadings had been completed and issues had been framed for trial by jury. Nothing had been accomplished, and no rights had been acquired by the defendant after the issues were framed. Each of the parties had doubtless learned something of the matters relied upon by the other. But so far as appears, the information so obtained would be as valu-

able in the trial of a new suit for the same cause as in the trial of this one. If this were an action at law, there is no doubt that the plaintiff would have the same right to become nonsuit as it would have had before the first trial. Looking at all the proceedings since the issues were first framed, we do not see that the defendant is legally or equitably in any better position by reason of them. Certainly the circulation of the article in the newspaper among the people of the county, and the obtaining of a verdict which may have come from the use of an improper influence, might prejudice the plaintiff in a subsequent trial of the case, and might be a reason for allowing the plaintiff to discontinue its suit without prejudice to its right to bring another for the same cause. In balancing the equities we cannot leave out of consideration the grounds on which the verdict for the defendant was set aside.

Although an appeal in a suit in equity brings up for revision questions of discretion, as well as other questions of fact, it often happens under our practice that the judge who sits at the trial has opportunities to determine such questions that cannot be given to a court which deals only with the printed record. When questions of fact are determined in equity upon the oral testimony of witnesses, it is the law in this court that the decision of the judge who saw the witnesses will not be reversed unless it is plainly wrong. This rule applies to questions of discretion decided upon such testimony, as well as to other questions of fact. In the present case the testimony is not given, but we have from the judge a report of the facts upon which he made his decree. His decree was in the nature of an exercise of discretion, or a decision of fact upon the facts reported. If the decision was warranted by the facts reported, the decree should stand. We cannot say that it was not warranted.

*Decree affirmed.*