NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY, petitioner.

Plymouth.    December 1, 1902. — January 7, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & LORING, JJ.

*Equity Pleading and Practice,* Discontinuance.    *Grade Crossing.*

The rule, that a bill in equity can be discontinued as of right, only obtains where no person other than the plaintiff has an interest in the maintenance of the suit.

A petition filed by the directors of a railroad company under St. 1890, c. 428, § 1, for the abolition of a grade crossing between the railroad of the petitioner and a highway of a town, after commissioners have been appointed and the town has appeared, cannot be discontinued by the petitioner as of right.

PETITION, filed February 27, 1896, under St. 1890, c. 428, § 1, for the abolition of certain grade crossings in Hingham, including that on Rockland Street where the tracks of the Hingham Street Railway Company cross those of the petitioner.

In the Superior Court *Braley,* J. ordered that the petitioner have leave to discontinue its petition as to all crossings except that at Rockland Street, and as to that crossing that the petition stand for further hearing. The petitioner appealed from so much of the decree as related to the Rockland Street crossing, and at the request of the parties the judge reported the case for determination by this court.

*J. H. Benton, Jr.,* for the petitioner.

*J. O. Burdett,* for the town of Hingham.

LORING, J. Prior to January 31, 1896, a location was given to the Hingham Street Railway Company to construct and operate a street railway with electric power upon certain streets in Hingham, including Rockland Street. Rockland Street crossed a branch of the railroad of the New York, New Haven, and Hartford Railroad Company, at grade, which at that time was operated by electricity. When this location was granted to the street railway no method had been devised for the arrangement of the trolleys of two railways operated by electricity which cross each other at grade. A controversy arose between the two companies as to the right of the railway to cross the railroad and as to the method of carrying its wires over the railroad so as not to render the operation of the railroad by its trolley wires unsafe. In February of the same year the railroad brought a bill in equity in which the railway appeared, and the cause was sent to a board of three masters who made a report " which prescribed a device and apparatus for adapting the crossing of the wires of the railway and the railroad for use, and prescribed the manner in which the parties should respectively operate their railroad and railway at said crossing."

On June 8, 1896, a decree was made confirming this report, and the railroad and railway have since then been operated in safety in accordance therewith.

On the same day on which the railroad filed its bill in equity its directors brought the petition now before us for the abolition of this crossing and other grade crossings in the town

of Hingham.   The town entered an appearance, and on June 6, 1896, commissioners were appointed for the abolition of the crossings mentioned by the petitioner.   A hearing was had at Hingham by the commissioners in the same month of June, 1896, at which the parties appeared and the commissioners took a view of the several crossings and adjourned.   No further action was taken in the matter until December, 1900, when the petitioner filed a motion for leave to discontinue, and also a discontinuance of, the petition.   The respondent town assented to the discontinuance as to all the grade crossings except the crossing of Rockland Street with the tracks of the petitioner.

" The counsel for the town stated that this assent was upon the ground that the other crossings could not be abolished without great and disproportionate expense ; and that since the filing of said petition by reason of the consolidation of the street railways connecting with Nantasket, and of the increased travel over said Rockland street and crossing caused thereby, and also of the general increase in travel over said crossing, the danger thereat has been greatly increased, and that in the opinion of the selectmen of the town said crossing can be abolished at a comparatively small expense.   The counsel for the railroad company claimed that the petition for the alteration of the grade crossing at Rockland street was in aid of its bill in equity to regulate the method of adapting the trolley wires at that crossing for safe and proper use, and that the Superior Court took jurisdiction of that matter, and appointed masters to prescribe a method for the safe operation of the railroad and railway over this crossing, and it did not desire further to prosecute its petition, and therefore no action had been taken thereon."

The presiding judge found that " these respective claims were in accordance with the facts," and ruled that the petitioner did not have an absolute right to discontinue against the objection of the town, and ordered that the " discontinuance of petition " filed by it be not allowed.   He further ruled " said town assenting, that the petitioners have leave to discontinue their petition as to all crossings described therein except the crossing at Rockland street, and that as to said crossing at Rockland street said petition is to stand for further hearing if either party desires."   To these rulings the petitioner excepted.   The case comes here

on a report as to "the question raised by said rulings and exceptions."

The contention of the petitioner is that the petition now before us is by the terms of the act under which it is brought, (St. 1890, c. 428, §§ 1, 8,) a proceeding in equity. It is provided in that act that " The Superior Court, or any justice thereof sitting in equity in any county, shall have jurisdiction" etc.; and this has been preserved in subsequent acts. St. 1891, c. 262; St. 1892, c. 374; St. 1895, c. 491. Being a proceeding in equity, the petitioner contends that it had the right to discontinue its petition when it did because no right had been acquired by the town by decree or otherwise in accordance with the rule as to which a bill in equity can be discontinued as of right, as laid down in *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299; *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450; *Kempton* v. *Burgess*, 136 Mass. 192. But in the last case it was said that the rule in equity obtains where "the plaintiff brings the bill for his sole benefit and no other person is interested in its maintenance," and this statement is cited and approved in *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District.*

We are of opinion that a petition to abolish a grade crossing between a railroad and a highway is not a proceeding in which no other person is interested when it has proceeded to the appointment of commissioners after an appearance by the town in which the crossing is situate, and for that reason, that the ruling was right that the petitioner had no absolute right to discontinue its petition.

The question whether the presiding judge exercised his discretion wisely is not before us.

There is no hardship cast on the petitioner by this conclusion, as has been contended by its counsel. If it does not wish to be taken to stand as still prosecuting this petition, it can put a statement to that effect on record if that does not already sufficiently appear from the discontinuance filed by it.

> *Case to stand for hearing as to the grade crossing of Rockland Street.*