HARRIET E. LAKIN & another *vs.* JONATHAN A. LAWRENCE.

Middlesex.     January 17, 1907. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice,* Decree, Appeal.

After a final decree in a suit in equity has been entered the court which made the decree has no power to grant a motion to revoke it.

On an appeal from a decree in equity this court cannot consider an affidavit of one of the counsel in the case, inserted in his brief, which does not appear to have been filed in the court in which the decree was made.

On an appeal from a decree in equity questions of discretion which appear upon the record as well as matters of right are brought before this court.

The Superior Court made and entered this decree: " This case came on to be heard upon bill and answer. The plaintiffs not appearing it is hereby ordered, adjudged and decreed that the plaintiffs' bill be dismissed." Three days later the plaintiffs filed a motion to revoke the decree, which was denied, the court having no power to grant it. On appeal to this court, it was *held,* that the decree, having been made under circumstances which would have called for a nonsuit in an action at law, should have included a statement that it was made without prejudice, and it was ordered that the decree of " bill dismissed " should be modified accordingly.

BILL IN EQUITY, filed in the Superior Court on February 5, 1906, to enforce an alleged agreement concerning certain real estate at the corner of Groton Street and Railroad Street in Haverhill, praying that the defendant be ordered to convey by a sufficient deed to each of the two plaintiffs one third of the equity in the premises held by the defendant under a certain deed of February 10, 1887, that the defendant be ordered to render a full account of all receipts of rentals of the premises so held by him, and that he be restrained from selling, conveying or disposing of the premises described in the deed of February 10, 1887, or any part thereof, until further order of the court, and for other relief.

The defendant's answer admitted some of the allegations of the bill and denied others, and further alleged that the agreement as stated and set forth in the bill was a contract for the sale of lands, tenements or hereditaments or of an interest in or concerning them, and that there was no note or memorandum in writing of the promise, contract or agreement upon which

the suit was brought signed by the party to be charged therewith or by any person thereunto by him lawfully authorized.

On October 2, 1906, the following decree was entered in the Superior Court. " This case came on to be heard upon bill and answer. The plaintiffs not appearing it is hereby ordered, adjudged and decreed that the plaintiffs' bill be dismissed."

On October 5, 1906, the plaintiffs filed a motion " to revoke the decree in the above entitled action dismissing the bill."

The docket record of the case was as follows:

" 1906. Filed February 5, and temporary injunction ordered and issued. March 26, Subpœna issued for May. Answer. October 2, Final decree — bill dismissed. October 5, Plaintiff's motion to revoke decree and order issued returnable October 17, at Court House, Boston. October 17, Motion to revoke overruled as matter of law. October 31, Plaintiffs' appeal. November 3, Plaintiffs' motion that court report facts. Law."

On October 31, 1906, the plaintiffs filed an appeal from the decree of the Superior Court " dismissing the bill, and overruling the motion of said plaintiffs to revoke said decree."

*J. Everett*, (*S. K. Paige* of New Hampshire with him,) for the plaintiffs.

*W. H. Atwood*, for the defendant, submitted a brief.

SHELDON, J. The motion to revoke the final decree was overruled rightly. The principle is established " that after the entry of a final decree in equity, as after the entry of a final judgment in a suit at law, the case is finally disposed of by the court, subject to such rights of appeal, if any, as the statute gives, and the court has no further power to deal with the case except upon a bill of review." *White* v. *Gove*, 183 Mass. 333, 340. *Thompson* v. *Goulding*, 5 Allen, 81. *Clapp* v. *Thaxter*, 7 Gray, 384. The decree dismissing the bill was a final decree, and not a mere order for a decree, as in *Merrill* v. *Beckwith*, 168 Mass. 72. And see *Gilpatrick* v. *Glidden*, 82 Maine, 201; *Pitman* v. *Thornton*, 65 Maine, 95. We have not considered the affidavit of one of the plaintiffs' attorneys inserted in their brief; for the appeal of course brings before us only the record in the case, and no such affidavit appears to have been filed in the Superior Court.

But questions of discretion, as well as of right, are brought

before us upon an appeal. *Hollingsworth & Vose Co.* v. *Fox-borough Water Supply District*, 171 Mass. 450. We are of opinion that under the circumstances the dismissal of this bill should have been without prejudice. What took place was equivalent to a nonsuit in an action at law. It is not necessary to determine whether the decree as entered would prevent the bringing of another bill. See *Foote* v. *Gibbs*, 1 Gray, 412; *Butchers' Slaughtering & Melting Association* v. *Boston*, 137 Mass. 186. However this may be, the decree ought to show that it is not to be a bar to further litigation, and this is best done by the statement that it is made without prejudice. *Kempton* v. *Burgess*, 136 Mass. 192. *Roach* v. *Roach*, 190 Mass. 253. The decree of " bill dismissed " should be modified accordingly.

*Bill to be dismissed without prejudice.*