PATRICK J. KYLE & another *vs.* MARGARET G. REYNOLDS & others.

Suffolk.   December 6, 7, 1911. — February 28, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Equity Pleading and Practice*, Motion of plaintiff to have bill dismissed, Master's report.

After a suit in equity has proceeded to a final hearing before a master, who has submitted to the counsel a draft report containing findings in favor of the defendant, the plaintiff has no right, against the objection of the defendant, to have his bill dismissed on payment of costs.

MORTON, J. The plaintiffs took numerous exceptions to the master's report; but they have argued only the question of their right, as a right, to have the bill dismissed without prejudice on payment of costs, pursuant to the motion made by them. We therefore treat all the exceptions to the master's report as waived.

The case was sent to a master * on October 4, 1909. Between June 27, 1910, and December 5, 1910, numerous hearings were had. On January 14, 1911, a draft copy of the report was read to counsel after due notice, "and suggestions and alterations were then and there considered." The plaintiffs submitted requests for findings and rulings and for evidence, — forty-eight in all. These were denied except so far as included in the report. On January 23, revised copies of the report were mailed to counsel, and five days were allowed after the receipt thereof for bringing in written objections thereto. The report was filed on January 30. On January 20 the plaintiffs made the motion already referred to that the bill be dismissed without prejudice on payment of the defendants' costs. The judge † who heard the motion made the following ruling: "I understand that the master has heard this case and is about to file his report, I do not think that the plaintiff has the right, as a right to have the bill dismissed without prejudice, and so rule."

We think that the ruling was right. The general rule as stated in *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450, and approved in *McQuesten* v. *Commonwealth*, 198 Mass. 172, is that a plaintiff may have his bill dismissed as of right on payment of costs if nothing has been done which has operated materially to change the defendant's position and give him rights which it would operate to his legal prejudice or which it would be inequitable to disregard. If the defendant's position has been so changed and he has acquired such rights, then the court on the defendant's objection and at his request, will refuse to allow the bill to be dismissed and will retain the case for a disposition of it on the merits, or in such other manner as will protect the defendant's rights. See *Chicago & Alton Railroad* v. *Union Rolling Mills*

* John A. Bennett, Esquire.

† *Richardson*, J. The plaintiffs appealed from the order denying the motion and later appealed from the final decree.

*Co.* 109 U. S. 702; *Pullman Palace Car Co.* v. *Central Transportation Co.* 171 U. S. 138; *Detroit* v. *Detroit City Railway,* 55 Fed. Rep. 569; *Electric Accumulator Co.* v. *Brush Electric Co.* 44 Fed. Rep. 602; *American Bell Telephone Co.* v. *Western Union Telegraph Co.* 69 Fed. Rep. 666; *Georgia Pine Turpentine Co.* v. *Bilfinger,* 129 Fed. Rep. 131. The mere fact that the defendants may be subjected to future litigation on the same cause of action is not deemed sufficient to prevent the dismissal of the suit as of right.

In the present case we think that there had been such a change in the situation and the defendants had acquired such rights as to render it inequitable to permit the plaintiffs against the objection of the defendants to dismiss the bill on payment of costs. The case had proceeded to a final hearing before the master and a draft copy of his report had been submitted to counsel. The findings of the master were in favor of the defendants. They had the weight and effect of a verdict by a jury and could be set aside only for clear error and mistake on his part. *Trow* v. *Berry,* 113 Mass. 139. *Dean* v. *Emerson,* 102 Mass. 480. Judgment would be entered on them as on the verdict of a jury unless set aside or modified. To permit the plaintiffs now to discontinue as of right on payment of costs would be to interfere with the right which the defendants have acquired to a judgment in their favor on the master's findings, and would give the plaintiffs another opportunity for the trial and determination of questions of fact which already have been fully heard in the manner provided by the course of procedure in equity and decided against them. The plaintiffs rely on *Carpenter & Sons Co.* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 98. That was a case of an auditor's report in an action at common law. An auditor's report stands very differently from a master's report. It has only the effect of evidence. It is not in any sense an adjudication of the rights of parties and does not *per se* constitute the foundation of a judgment. Before a judgment can be entered there must be a finding or a verdict which may or may not be based on the report. A strong argument no doubt can be made against allowing a plaintiff to discontinue as of right after a case has been sent to an auditor and has been fully and finally heard by him. But the court felt itself constrained in that case to hold that notwithstanding that,

the plaintiff could discontinue as a matter of right. There is, however, as we have pointed out, a sound distinction between the effect to be given to a master's report and that to be given to an auditor's report, and that renders the case of *Carpenter & Sons Co.* v. *New York, New Haven, & Hartford Railroad* inapplicable to the present case.

*Decree affirmed with costs.*

*W. A. Ladd,* for the plaintiffs.
*C. W. Cushing,* for the defendants, submitted a brief.