JAMES A. KEOWN *vs.* MARY E. KEOWN & others.

Essex.    October 17, 1918. — December 10, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Equity Pleading and Practice,* Duty of appealing party to print sufficient record, Waiver of bill of exceptions by discontinuance, Plaintiff's right to discontinue suit. *Words,* "Hearing."

In a suit in equity coming before this court on an appeal by the plaintiff from a final decree dismissing his bill with costs upon demurrer, if the plaintiff as the appealing party does not cause the demurrer to be printed in the record, it will be presumed to have been sufficient in form.

The filing of a discontinuance by the plaintiff in a suit in equity is a waiver of a bill of exceptions previously filed by him.

The right of the plaintiff in a suit in equity to discontinue his suit on payment of costs is extinguished by an interlocutory decree sustaining a demurrer to the bill for want of equity with leave to the plaintiff to amend his bill within thirty days and, if such amended bill is not filed, dismissing the bill with costs, followed by a failure to amend and a final decree dismissing the bill with costs.

BILL IN EQUITY, as amended, filed in the Superior Court on August 10, 1917.

The proceedings are described in the opinion. The final decree dismissing the bill with costs, the material part of which is quoted in the opinion, was entered by order of *Jenney, J.* The plaintiff appealed.

*J. A. Keown, pro se.*

*F. J. Muldoon, J. F. Sullivan* & *J. H. Casey,* for the defendants, filed no brief and did not care to be heard.

RUGG, C. J. A final decree was entered in the Superior Court to the effect that the "case came on to be heard . . . upon the discontinuance heretofore filed by the plaintiff, and thereupon, upon consideration thereof, and after hearing all parties, it is ordered, adjudged and decreed: (1) That the bill be and it hereby

is dismissed as to the defendants Mary E. Keown and Eugene F. Trudo," and (2) for costs as stated. The plaintiff appealed from that decree and now contends that he is entitled as matter of law to have it stated in the decree that it is dismissed for want of prosecution or without prejudice, or in some form which shall indicate that the decree was not entered upon the merits and thus would not be a bar to the bringing of another suit for the same cause of action. Whether there is any merit in that contention depends upon the state of the record.

The plaintiff's amended bill was filed on August 10, 1917. A paper entitled "Defendants' Answer" was filed on the same date. That paper was in no sense a proper answer in equity because it was merely a general denial in form such as would have been appropriate in an action at law. In no particular did it conform to Equity Rule 7 of the Superior Court, which requires an answer to be full, direct and specific respecting every material allegation or statement in the bill. According to equity practice it should have been treated as no answer at all. No replication appears ever to have been filed. See now St. 1918, c. 257, § 405. On September 5, 1917, the present defendants filed a demurrer. That demurrer is printed in the record. It goes to the merits of the plaintiff's grounds for equitable relief. It does not bear the certificate of the attorney required by R. L. c. 173, § 16. No objection appears of record to have been taken to the form of the demurrer, and none has been argued by the plaintiff in this court. It is open to grave doubt whether such an objection could be relied upon by the plaintiff at this stage of the proceedings. However that may be, other parts of the record are decisive. A second demurrer was filed by these defendants on September 20, 1917. But it is not printed in the record. It must be presumed against the appealing party, whose duty it was to print a sufficient record to present the points upon which he relies, that the second demurrer was sufficient in form and was the one upon which the court took action. The original papers in the case confirm this presumption. While no demurrer can be filed as matter of right after answer, yet by Equity Rule 9 it may be filed by leave of court. It must be taken that leave to file this demurrer was granted by the court, if any leave was needed, because a hearing was had. On

September 27, 1917, a docket entry was made of this tenor: "Demurrer sustained, leave granted to plaintiff to file amended bill in thirty days. If such amended bill is not filed, decree is to be entered dismissing bill with costs." No amended bill has been filed at any time since. On September 29, 1917, there is a docket entry "Plaintiff appeals." One or two appeals by the plaintiff from interlocutory orders appear on the docket, but none of these appeals have been printed or argued. Under date of December 3, 1917, appears this docket entry: "Supplemental bill of complaint." No such paper is printed in the record. In any event it could not have been in compliance with the order of the court of September 27, 1917. It does not appear that it was filed or that leave of court therefor ever was granted. It should be disregarded.

There is on October 13, 1917, this docket entry: "Bill of exceptions of plaintiff." This bill of exceptions is not printed and there is nothing to indicate to what it relates or whether it refers to these defendants. It does not appear to have been allowed. It has not been argued. No excuse is disclosed for delay in presenting it for allowance. It was subject to the terms of St. 1911, c. 212, which applies to proceedings in equity. See *McCusker* v. *Geiger*, 195 Mass. 46. It should have been dismissed, because manifestly before the entry of the final decree more than a reasonable time had elapsed for presentation to the court for allowance. No determination is necessary whether under these circumstances the entry of the final decree eight months later, in the absence of anything further, must be held to import a decision that the exceptions had not been presented to the court for allowance within a reasonable time. The filing of a discontinuance of the action by the plaintiff was a waiver of these exceptions and all intervening appeals. They constitute now no bar to the final disposition of the cause. *Frank, petitioner,* 213 Mass. 194.

The plaintiff filed on June 12, 1918, a statement that he discontinued the action. On July 10 following the final decree above quoted was entered.

The only point argued and the point to be decided is whether a plaintiff as of course can have his bill dismissed without prejudice after a demurrer to it has been sustained.

It is the general rule in equity that a plaintiff has a right "to dismiss his bill at any time before a hearing, upon the payment of the costs." *Kempton* v. *Burgess,* 136 Mass. 192. *Lakin* v. *Lawrence,* 195 Mass. 27. *Weston* v. *Railroad Commission,* 205 Mass. 94, 97. *Lloyd* v. *Imperial Machine Stamping & Welding Co.* 224 Mass. 574. The plaintiff does not bring himself within this comprehensive statement of the rule, because there has been a hearing upon the demurrer. "Hearing" is a word sufficiently broad in meaning to include a judicial examination of the issue between parties, whether of law or fact. *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137, 140. But this general statement of the rule was given an amplified exposition in *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District,* 171 Mass. 450, at page 452, in these words by Knowlton, J.: "The general rule seems to be that the court, on the plaintiff's motion, will dismiss his bill on payment of costs as for want of prosecution, unless something has been done in the case which entitles the defendant, on equitable grounds, to have the suit finally disposed of on the merits. If there have been decrees or other proceedings whereby a defendant's situation has been changed, and he has acquired rights which did not exist, or which had not been determined when the suit was brought, and which render it equitable that these rights should be fully secured by further proceedings in the cause, the court, at the defendant's request, will retain it for a decision upon the merits; but when nothing has been done by the court or the parties that changes the position in which they were when the suit was begun, the rule is different."

The present case plainly comes within the law as thus stated. The defendants challenged by a demurrer the right of the plaintiff to maintain his bill. A hearing has been had upon that demurrer and a decision has been rendered in favor of the defendants. The parties are no longer indifferent touching the matters alleged in the bill. The situation of the defendants has changed since the suit was instituted, because a decision has been rendered to the effect in substance that the plaintiff in his bill as framed could not prevail or require the defendants to answer. The defendants are entitled to a decree because a hearing has been had upon questions of law raised by the demurrer respecting

the sufficiency of the bill as stating a ground for equitable relief and the decision has been made in their favor. It is of no consequence that the hearing related to law rather than to facts. It is well established that under appropriate circumstances a judgment rendered on demurrer is as conclusive as one rendered upon the hearing of evidence. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 205. *Northern Pacific Railway* v. *Slaght,* 205 U. S. 122, 130. *Yates* v. *Utica Bank,* 206 U. S. 181, 183. Therefore, that decision stood and ought to continue to stand as an adjudication of the rights of the parties in the particulars there involved. The case falls directly within what is sometimes called, "a distinct and well settled exception" to the general rule that a complainant "has the right at any time, upon payments of costs, to dismiss his bill . . . namely, that after a decree, whether final or interlocutory, has been made, by which the rights of a party defendant have been adjudicated, or such proceedings have been taken as entitle the defendant to a decree, the complainant will not be allowed to dismiss his bill without the consent of the defendant." *Chicago & Alton Railroad* v. *Union Rolling Mill Co.* 109 U. S. 702, 713. *Pullman's Palace Car Co.* v. *Central Transportation Co.* 171 U. S. 138, 146. See also *Detroit* v. *Detroit City Railway,* 55 Fed. Rep. 569, for a review of cases by Taft, Circuit Judge.

Moreover, the plaintiff was given leave to amend his bill within thirty days after the order sustaining the demurrer, and did not avail himself of that privilege. Even in actions at law where a party is given leave to amend in order to cure defects, and declines to do so, the judgment rendered on demurrer commonly is treated as based on the merits. *Correia* v. *Supreme Lodge Portuguese Fraternity,* 218 Mass. 305. *Capaccio* v. *Merrill,* 222 Mass. 308, 310. See, in this connection, *Lumiansky* v. *Tessier,* 213 Mass. 182, 190, and *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, 475.

It has been held that a plaintiff cannot as of course have his bill dismissed after a general demurrer has been overruled and the accruing of a right of appeal by the defendant, because the latter might prevail and thus secure an adjudication upon the merits of the cause. *Cooper* v. *Lewis,* 2 Phil. Ch. 178, 181. See *Ainslie* v. *Sims,* 17 Beav. 174, and Dan. Ch. Pract. (6th Am. ed.) 790.

The case at bar presents a far stronger case than that in favor of the defendants.

It follows that the plaintiff was not entitled as of right to discontinue his bill. No error appears upon the record.

*Decree affirmed with costs.*