EDGAR ROYLANCE FIELD *vs*. FLORA MYRLE FIELD.

Franklin.    September 19, 1928. — October 8, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Jurisdiction; Decree: dismissing without prejudice. *Marriage and Divorce.*

A probate court has jurisdiction to enter a decree dismissing a libel for divorce without prejudice.

Where, upon an appeal from a decree of a probate court dismissing a libel for divorce without prejudice, there is no report of evidence and no finding of material facts, and it appears merely that the decree was entered "After a full hearing," it cannot be said that the dismissal without prejudice was wrong.

LIBEL for divorce, filed in the Probate Court for the county of Franklin on October 1, 1927.

The libel was heard by *Thompson*, J., by whose order a decree dismissing it without prejudice was entered. The libellee appealed.

*W. A. Davenport*, (*W. L. Davenport* with him,) for the libellee.

*M. J. Levy*, for the libellant.

RUGG, C.J. This libel for divorce comes before us by appeal from a final decree entered in the Probate Court.

There is no report of evidence and no finding of material facts by the judge. The case stands substantially on the same footing as an appeal from a final decree in equity and is subject to the same principles as to disposition. *Drew* v. *Drew*, 250 Mass. 41, 43. The part of the final decree material to the issues here argued is that "After a full hearing . . . It is decreed, that said libel be hereby dismissed without prejudice."

It is contended in behalf of the libellee that the dismissal of the libel without prejudice after a full hearing was error as matter of law. This contention cannot be supported. It is the general rule that a suit in equity fully heard on its merits ought to be decided by a decree which settles for all time the issues involved. The trial of causes inevitably . involves expense to the public and to the parties. The welfare of the Commonwealth and of litigants requires that, after a fair trial in accordance with governing principles of law, the controversy be laid at rest and litigation ended. *Boston Bar Association* v. *Casey*, 227 Mass. 46, 48. *Zeitlin* v. *Zeitlin*, 202 Mass. 205. *Renwick* v. *Macomber*, 233 Mass. 530. This principle applies in general to all proceedings in the courts. This principle applies to libels for divorce. *Waterhouse* v. *Waterhouse*, 225 Mass. 228. See *DeFerrari* v. *DeFerrari*, 220 Mass. 38. *Malcolm* v. *Malcolm*, 257 Mass. 225.

Courts of equity and divorce have power to enter a decree dismissing the cause without prejudice. The entry of a decree in equity dismissing the bill without prejudice occurs "where the dismissal is occasioned by slip or mistake in the pleadings or in the proof," as, for example, "in consequence of facts not having been properly put in issue." 2 Dan. Ch. Pract. (6th Am. ed.) *994. There are in the decisions numerous references to the dismissal of a bill in equity without prejudice. *Bigelow* v. *Winsor*, 1 Gray, 299, 301. *Foote* v. *Gibbs*, 1 Gray, 412, 413. *Borrowscale* v. *Tuttle*, 5 Allen, 377, 378. *Durant* v. *Essex Co.* 8 Allen, 103, 108. *Lakin* v. *Lawrence*, 195 Mass. 27, 28, 29. *Buchholz-Hill Transportation Co.* v. *Baxter*, 206 N. Y. 173, 177. There are similar references in decisions concerning divorce. *Thurston*

v. *Thurston*, 99 Mass. 39.   *Bradley* v. *Bradley*, 160 Mass. 258. There are express adjudications to the effect that such entry may be made in divorce proceedings.   *Ashmead* v. *Ashmead*, 23 Kans. 262, where the opinion was given by Judge Brewer, later a justice of the Supreme Court of the United States. *Burton* v. *Burton*, 58 Vt. 414.

Plainly it was within the jurisdiction of the Probate Court to enter such a decree in the case at bar.   The principle that a party plaintiff may dismiss his bill at any time before hearing, but may not do so after hearing, *Keown* v. *Keown*, 231 Mass. 404, has no relevancy to the case at bar.   The entry of a decree is the act of the court and not of the parties.

It cannot be said on this record that the entry of the decree was not justified.   We do not know what the evidence was, nor what was disclosed at the hearing.   Therefore we cannot say that the entry of this decree was wrong.   The mere fact that there was a full hearing is not a decisive factor requiring a final decree without qualification, putting an end to further controversy as to the matters alleged in the bill.   Generally the disposition of causes by the entry of a decree without prejudice follows a hearing more or less full.

*Decree affirmed.*