BENJAMIN OGENS *vs.* NORTHERN INDUSTRIAL CHEMICAL
COMPANY.

Suffolk. October 6, November 30, 1937. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Equity Pleading and Practice,* Dismissal of bill without prejudice, Judicial
discretion, Appeal.

A trial judge's exercise of discretion in equity should be given some weight
by this court in reviewing it on appeal though this court has before it
everything which was before the trial judge.

After a master in a suit in equity for an accounting had found that the
defendant had made a full accounting and, after commencement of
the suit, had paid the plaintiff the sums sought by the bill, but the
case involved a difficult question respecting an agreement between
the parties as to which the trial judge might have thought the master's
findings insufficient for a decision, it was not an abuse of discretion
harmful to the defendant to dismiss the bill without prejudice.

BILL IN EQUITY, filed in the Superior Court on September 12, 1933.

A final decree dismissing the bill without prejudice was entered by order of *Hurley,* J. The defendant appealed.

*Lee M. Friedman,* (*L. B. King* with him,) for the defendant.

*E. M. Dangel, S. Andelman,* & *G. A. Goldstein,* for the plaintiff, submitted a brief.

FIELD, C.J. This is a suit in equity for an accounting brought in the Superior Court. It was alleged in the bill of complaint that the plaintiff "designed and invented a certain contrivance known as a 'dull blade disposer,'" and entered into an agreement with the defendant, "whereby the defendant was to manufacture, improve, develop and sell said 'dull blade disposer' and to pay the plaintiff two per centum (2%) of the selling price of each disposer," and that the "defendant is now manufacturing and selling a great many of said disposers, but refuses to account to the plaintiff for said sales and also refuses to pay the plaintiff any moneys on said sales in accordance with such agreement."

An allegation of the existence of a fiduciary relation between the defendant and the plaintiff was added by amendment. The specific prayers are that an accounting be had, and that the defendant be adjudged to be indebted to the plaintiff for any sums now due and ordered to pay any sums that may accrue in the future. The defendant, in its answer, admitted the making of an agreement, a copy of which was attached thereto, and the manufacture and sale of certain articles, but alleged that these articles were different from those described in the agreement, and that it has paid to the plaintiff moneys which would have accrued to the plaintiff under the agreement, had the articles manufactured and sold been those defined in the agreement, and "is continuing to account and pay on the same basis as further payments on that basis accrue," and denied that "with reference to any of such sales the plaintiff is entitled to anything."

The case was referred to a master who made a report. By an interlocutory decree, from which neither party appealed, the exceptions of the plaintiff to the report were overruled and the report was confirmed. A final decree was entered dismissing the bill of complaint without prejudice. From this decree the defendant appealed.

Since the plaintiff has not appealed it is not open to him to ask for a decree more favorable to him (*Kilkus* v. *Shakman*, 254 Mass. 274, 280, and cases cited; *Gross-Loge des Deutschen Ordens der Harugari* v. *Cusson*, 301 Mass. 332, 334), and he seeks no such decree. Indeed the decree was entered upon his motion that the bill be dismissed without prejudice. See *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450, 451–452; *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9. On the appeal of the defendant, however, the question is open whether the decree dismissing the bill should have been without qualification, as the defendant contends, or whether the bill was properly dismissed "without prejudice." This is the sole question argued.

There was no reversible error.

The effect of the words "without prejudice" in a decree dismissing a bill of complaint is to prevent such decree from

being a bar to further litigation (*Lakin* v. *Lawrence*, 195 Mass. 27, 29), not, however, by limiting the effect of an actual adjudication on the merits, but rather by showing that no such adjudication was made. *Corey* v. *Tuttle*, 249 Mass. 135, 139. *Christiansen* v. *Dixon*, 271 Mass. 475, 476. *Buttrick* v. *Snow*, 277 Mass. 401, 406.

Doubtless the case had progressed so far that the plaintiff had no absolute right to have the bill dismissed without prejudice. See *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450, 451–453; *Kyle* v. *Reynolds*, 211 Mass. 110; *Keown* v. *Keown*, 231 Mass. 404. And ordinarily a judge hearing a case in equity on the merits should decide the case on the merits. But it is within his discretion, subject to appeal to this court (see *Long* v. *George*, 296 Mass. 574, 579), to decline to make such a decision and to dismiss a bill "without prejudice" where, as the case comes before him, a decision on the merits cannot be made with justice to the parties. The incidental annoyance of a second suit for the same cause is not such an injury to the parties as necessarily prevents dismissal of the pending suit "without prejudice." See *Hollingsworth & Vose Co.* v. *Foxborough Water Supply District*, 171 Mass. 450, 452–453; *Kyle* v. *Reynolds*, 211 Mass. 110, 112. Certain governing principles were stated in *Field* v. *Field*, 264 Mass. 549. In that case a libel for divorce was dismissed "without prejudice" after a full hearing. The case on appeal stood substantially like an appeal from a final decree in equity. The court said, pages 550–551: "Courts of equity and divorce have power to enter a decree dismissing the cause without prejudice. The entry of a decree in equity dismissing the bill without prejudice occurs 'where the dismissal is occasioned by slip or mistake in the pleadings or in the proof,' as, for example, 'in consequence of facts not having been properly put in issue.' 2 Dan. Ch. Pract. (6th Am. ed.) *994. . . . The mere fact that there was a full hearing is not a decisive factor requiring a final decree without qualification, putting an end to further controversy as to the matters alleged in the bill. Generally the disposition of causes by the entry of a decree without prejudice follows

a hearing more or less full." In that case this court did not know from the record "what the evidence was, nor what was disclosed at the hearing."

The situation in the present case is somewhat different from that in *Field* v. *Field*. Here the master's report — confirmed by an interlocutory decree — that was before the trial judge is also before us. In deciding the case on its merits we would stand in the same position as the trial judge and reach our conclusion regardless of that reached by him. *Robinson* v. *Pero*, 272 Mass. 482, 484. But on a matter of discretion "some weight should be given to the exercise of discretion by the court below." *Long* v. *George*, 296 Mass. 574, 579.

The master found that the parties entered into an agreement which is referred to in the bill and a copy of which is annexed to the answer. This agreement provided for the payment of a commission by the defendant to the plaintiff, as alleged in the bill. But the master found expressly, or impliedly, that certain articles sold by the defendant were not within the terms of the agreement. As to certain other articles, while the master did not find specifically that they were within the terms of the agreement, he found that the defendant paid the plaintiff the commission thereon after this suit was commenced — though before the answer was filed — and that the defendant ceased to manufacture these articles shortly after this suit was commenced. The master stated in his report that there was "no evidence introduced as to any other payment received by the defendant on account of the manufacture and sale of the receptacles, upon which the commission was paid, or any other receptacle or article which . . . [he] could find came within the terms of the agreement between the parties." He concluded from the facts found "that the defendant has accounted to the plaintiff in full and paid to him a commission on all amounts received under the terms of the contract," and that so "far as an accounting is concerned within the allegations of the bill as amended, there is no further obligation on the defendant to account to the plaintiff." There were also subsidiary findings in considerable detail.

An issue involved in the case made by the bill was whether articles manufactured and sold by the defendant were within the terms of the agreement. As to some articles so manufactured and sold the master found that they were not within the terms of the agreement. But as to other articles so manufactured and sold the master found that the defendant, after the suit was brought, paid a commission to the plaintiff thereon — though the defendant alleged in its answer that it was not required to make such payments — and ceased to manufacture such articles. Since these payments were not made and this cessation of manufacturing did not occur until after the suit was brought the plaintiff had been put by the defendant to the trouble and expense of bringing a suit relating to the articles in question. In making up the final decree, however, the judge rightly could consider these matters arising after the suit was brought. See *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 9; *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562, 568. The findings with respect to these matters and the other findings by the master were sufficient to support a decree dismissing the bill without a decision as to whether the articles upon which the commissions were paid were within the terms of the agreement. And the judge was not bound to make a decision upon the question whether these articles were within the terms of the agreement when such a decision was not required for the disposition of the present suit. Moreover, this question was, at least, one of difficulty. And we cannot say that the judge might not have thought reasonably that the findings of the master bearing upon this question, though considerably detailed, did not furnish a satisfactory basis for a decision of the question with justice to the parties. Yet a decree dismissing the bill without qualification might later be relied upon — to what extent successfully need not be discussed, see *Sandler* v. *Silk*, 292 Mass. 493, 498 — as an adjudication of the question. And it does not appear that a dismissal of the bill without prejudice would injure the defendant in any way, other than to subject it to the possible annoyance of further litigation. In view of all the circumstances, it cannot rightly be said that, giving due weight to

the decision of the trial judge, dismissing the bill without prejudice was inequitable and amounted to an improper exercise of discretion by the trial judge.

*Decree affirmed.*