NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-456

TJR SERVICES, LLC

vs.

WILLIAM L. HUTCHINSON & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, TJR Services, LLC (TJR), filed a complaint in the Land Court against defendants William L. Hutchinson and Deanna M. Bowen[2] (collectively, the Hutchinsons) seeking a determination that it was the lawful owner of property in Duxbury (the Property) following a foreclosure sale. A judge of the Land Court bifurcated the case. After a trial on the first set of issues, the judge issued an order with findings of fact and conclusions of law. After further argument, the judge

_____

[1] Deanna M. Bowen. As is our custom, we set forth the parties' names as they appear in the complaint.

[2] As noted in the judgment, Deanna M. Bowen is also known as Deanna B. Hutchinson, and we thus refer to her as such going forward.

issued a judgment declaring that the foreclosure deed was valid, TJR held valid title to the Property, and the Hutchinsons no longer held an interest in the Property. On appeal, the Hutchinsons argue that the judge's findings and judgment do not comply with the statute of frauds, that TJR's claims are precluded by a prior Housing Court judgment, and that the Land Court entered conflicting judgments. We affirm.

Background. In February 2007, the Hutchinsons executed a promissory note (the Note) and granted a mortgage (the Mortgage) to Washington Mutual Bank, F.A. (WAMU), to finance the purchase of the Property. Around March 1, 2007, WAMU sold its right, title, and interest in the Note and Mortgage to WAMU Asset Acceptance Corp. (WAMU Acceptance). Later in March 2007, WAMU Acceptance re-sold the Note and Mortgage, for value, to the WAMU Mortgage Pass-Through Certificates Series 2007-OA3 Trust (OA3 Trust). In October 2008, the OA3 Trust's second trustee, LaSalle Bank, merged into Bank of America. In November 2010, U.S. Bank succeeded Bank of America as a trustee of the OA3 Trust. In December 2010, the Hutchinsons were in default under the Note, and as a result, in December 2015, U.S. Bank, as trustee of the OA3 Trust, foreclosed on the Hutchinson's mortgage. In 2017, the OA3 Trust sold the property to Tank Menace, LLC (Tank Menace), and in 2018, Tank Menace sold the Property to TJR.

2

TJR filed a complaint in the Land Court in April 2019 and amended it in May 2019. In part, TJR sought a declaratory judgment that it was the lawful owner of the Property. In July 2019, the Hutchinsons filed their answer and counterclaimed against TJR, asserting that TJR did not have a valid interest in the Property. In addition, the Hutchinsons filed a third-party complaint against Tank Menace, seeking a declaration that Tank Menace had no right, title, or interest in the Property, and requesting relief quieting their alleged title. In July 2019, Tank Menace moved to dismiss the Hutchinsons' complaint and, after a hearing, disclaimed any interest in the Property. The judge concluded that Tank Menace no longer held an interest in the property, issued a judgment to that effect, and dismissed the remaining claims against Tank Menace as moot.

In September 2019, the Hutchinsons moved for summary judgment on their claims against TJR, and in November 2019, the judge denied the motion. In March 2020, the judge bifurcated the case and directed the parties to complete discovery on the issues of (1) the validity of a 2012 assignment and (2) the propriety of the foreclosure on the Hutchinsons' mortgage. In August and November 2020, the parties cross-moved for summary judgment on the "Phase I" issues set out by the judge. In March 2022, an amended order entered denying both parties' motions but

3

making findings of undisputed material facts, narrowing the issues for trial.

In advance of trial, the judge set forth two unresolved issues to be addressed at trial: (1) whether U.S. Bank was a trustee of the OA3 Trust as of the date of the foreclosure, and (2) if yes, whether U.S. Bank complied with ¶ 22 of the mortgage. In October 2022, after a trial, the judge issued an order with his findings of fact and conclusions of law. In November 2022, after a hearing, the judge concluded that he had resolved all pertinent issues in the case. The judge issued a judgment declaring that the foreclosure deed was valid, TJR held valid title to the Property, and the Hutchinsons no longer held any interest in the Property.

Discussion. The denial of a motion for summary judgment cannot be reviewed on appeal after a trial on the merits. See Elles v. Zoning Bd. of Appeals of Quincy, 450 Mass. 671, 674 (2008). However, the underlying legal issues forming the basis of the motion may be reviewed on appeal. See Lavoie v. A Justice of the Dist. Court Dep't, 484 Mass. 1055, 1055 (2020). On appeal, we accept the judge's findings of fact unless they are "clearly erroneous," (citation omitted), and "do not review questions of fact if any reasonable view of the evidence and the rational inferences to be drawn therefrom support the judge's findings." Martin v. Simmons Props., LLC, 467 Mass. 1, 8

4

(2014).  We review the judge's conclusions of law de novo.  See Trace Constr., Inc. v. Dana Barros Sports Complex, LLC, 459 Mass. 346, 351 (2011).

1.  Statute of frauds.  The Hutchinsons argue that, at trial, TJR failed to produce documentary evidence showing that WAMU assigned the Note and Mortgage to the OA3 Trust; therefore, they assert that the assignments from WAMU to WAMU Acceptance, and then from WAMU Acceptance to the OA3 Trust, are invalid under the statue of frauds.  The judge below, in denying summary judgment and establishing undisputed facts for trial per Mass. R. Civ. P. 56 (d), concluded, based in part on the Hutchinsons' admissions, that the OA3 Trust became the holder of the Note and Mortgage in 2007.  The Hutchinsons assert that the judge's prior findings did not relieve TJR of its burden of demonstrating a valid assignment and compliance with the statute of frauds at trial.  We disagree.

Under Mass. R. Civ. P. 56 (d), where a judge hears a summary judgment motion but does not resolve all issues and a trial is still necessary, "the court . . . shall if practicable ascertain what material facts exist without substantial controversy."  Lavoie, 484 Mass. at 1055 n.2, quoting Mass. R. Civ. P. 56 (d).  "It behooves judges, where practicable, to assist parties in identifying material factual issues that are undisputed, and therefore do not need to be tried, and thereby

5

streamline trials." Lavoie, supra at 1055 n.3. Rule 4 of the Rules of the Land Court (2005) provides a procedure for this process, requiring parties to put forth material facts they contend are undisputed, accompanied by support. The opposing party may then respond by admitting the fact or disputing it, again accompanied by support. If the opposing party fails to properly dispute a fact, the fact is admitted.

Here, TJR claimed it was undisputed that the Note and Mortgage were transferred to the OA3 Trust in 2007. In support, TJR cited an interrogatory response from the Hutchinsons where they admitted that the Mortgage was transferred from WAMU to WAMU Acceptance, and then from WAMU Acceptance to the OA3 Trust, in 2007. The Hutchinsons protest that they lacked personal knowledge of the transactions between WAMU and the OA3 Trust and, therefore, the judge erred in his reliance on their interrogatory answers in establishing undisputed facts. This argument is unavailing; the judge appropriately relied on the Hutchinsons' interrogatory responses as admissible evidence. See Kourouvacilis v. American Fed'n of State, County & Mun. Employees, 65 Mass. App. Ct. 521, 533 n.18 (2006) ("as an 'admission,' i.e., an extrajudicial statement of a party opponent, the adverse interrogatory answer could be admitted in evidence against [the party]"); Beaupre v. Cliff Smith & Assocs., 50 Mass. App. Ct. 480, 484 n.8 (2000) ("interrogatory

6

answers constitute admissions of a party opponent . . . which are available for evidentiary use by any adverse party to the litigation").

In response, per Rule 4 of the Rules of the Land Court, the Hutchinsons were required to dispute TJR's asserted facts by submitting admissible evidence to the contrary. The Hutchinsons failed to meet this burden. Instead, the Hutchinsons admitted statements of fact as undisputed and produced no admissible evidence to suggest otherwise. Because the Hutchinsons failed to properly demonstrate these facts were disputed, the judge acted properly pursuant to Mass. R. Civ. P. 56 (d) and Rule 4 of the Rules of the Land Court in examining the pleadings and the evidence before him and determining that the following facts were undisputed and, therefore, stipulated to at trial: in 2007, "WAMU sold to [WAMU Acceptance], for value, WAMU's right, title and interest in the Note and the Mortgage," and "WAMU Acceptance re-sold the Note and Mortgage, for value, to the OA3 Trust." See Lavoie, 484 Mass. at 1055 n.3; Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976) (courts may rely on "answers to interrogatories" for purposes of summary judgment). Requiring TJR to re-prove facts that were previously deemed undisputed per a summary judgment order would be contrary to Mass. R. Civ. P. 56 (d)'s purpose to "streamline trials" and interest in judicial efficiency. Lavoie, supra.

7

2.  _Res judicata_.  The Hutchinsons argue that TJR's claims are precluded by a 2017 Housing Court judgment of dismissal without prejudice against TJR's predecessor-in-interest, U.S. Bank.  Specifically, a Housing Court judge dismissed U.S. Bank's claims for possession and unpaid use and occupancy without prejudice after concluding that U.S. Bank lacked standing because the mortgage was assigned to U.S. Bank as trustee of the OA3 _Trust_; the plaintiff was US Bank as trustee of OA3.

Res judicata comprises both claim and issue preclusion.  See _DeGiacomo_ v. _Quincy_, 476 Mass. 38, 41 (2016).  "The invocation of claim preclusion requires three elements:  (1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits" (quotation and citation omitted).  _Kobrin_ v. _Board of Registration in Med_., 444 Mass. 837, 843 (2005).  Issue preclusion requires "(1) . . . a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication" (citation omitted).  _Id_. at 843-844.

Here, neither claim nor issue preclusion apply because a dismissal without prejudice is not considered a decision on the merits under res judicata.  See _Chittenden Trust Co_. v. _Levitt_,

8

26 Mass. App. Ct. 208, 212 (1988).  See also Wright Mach. Corp. v. Seaman-Andwall Corp., 364 Mass. 683, 693-694 (1974) ("judgment will not operate as res judicata in another action involving the same parties and claim if it is based on grounds usually raised in abatement, such as . . . dismissal without prejudice"); Ogens v. Northern Indus. Chem. Co., 304 Mass. 401, 402-403 (1939) ("without prejudice" does not signify "limiting the effect of an actual adjudication on the merits, but rather . . . that no such adjudication was made").  Therefore, the judge did not err in concluding that TJR's claims are not precluded by the prior Housing Court judgment.

3.  Conflicting judgments.  The Hutchinsons also assert that two judgments of the Land Court are in conflict:  the judgment entered on Count I of the Hutchinson's third-party complaint against Tank Menace, granting declaratory judgment to the Hutchinsons, and the judgment on TJR's complaint that TJR has valid title to the Property and was assigned valid title to the Property by Tank Menace.  The Hutchinsons claim that because of this alleged inconsistency, the judgment recognizing TJR's interest in the Property is void.  The Hutchinsons raise this argument for the first time on appeal.  "Objections, issues, or claims -- however meritorious -- that have not been raised at the trial level are deemed generally to have been waived on appeal."  Palmer v. Murphy, 42 Mass. App. Ct. 334, 338 (1997).

9

Because this claim "fits none of the usual exceptions to the general rule that claims not raised below are waived on appeal," we need not address it.[3]  Id. at 338-339.

Judgment affirmed.

By the Court (Meade, Walsh &
  Smyth, JJ.[4]),

Clerk

Entered:  February 28, 2025.

---

[3] With regard to additional claims raised by the Hutchinsons, we conclude that they do not merit further discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954) ("Other points, relied on by the [appellants] but not discussed in this opinion, have not been overlooked.  We find nothing in them that requires discussion").

[4] The panelists are listed in order of seniority.