### HENRY v. HARRIS et al.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1913.)

No. 2,369.

EQUITY (§ 410*)—REPORT OF MASTER—BURDEN OF SUSTAINING EXCEPTIONS.

 The findings of a master in chancery are prima facie correct, and, where they are in favor of a complainant and exceptions thereto are filed by defendant, the burden of sustaining the exceptions rests on defendant, and the court is not warranted in dismissing the suit for want of prosecution without considering and disposing of them.

 [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 905-919; Dec. Dig. § 410.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Súit in equity by C. S. Henry against E. B. Harris and Cook Clayton, trustee in bankruptcy for E., B. Harris. Decree (191 Fed. 868) for defendants, and complainant appeals. Reversed.

This is an appeal from an order passed by the court below dismissing complainant's bill for want of prosecution. Certain of the assignments of error submitted on this appeal are leveled at the action of the trial judge in assuming jurisdiction to make any order pertaining to the trial or disposition of this cause after the filing by complainant of an affidavit by which it was sought to disqualify the judge from further hearing or trying the cause. The questions raised by these assignments are treated and disposed of in an opinion this day filed in the case of C. S. Henry, Petitioner, v. Emory Speer, District Judge, 201 Fed. 869. They will not again be considered, and reference is made to that opinion for our views.

It appears that after issue was formed in the cause of C. S. Henry v. E. B. Harris by the filing of the bill of complaint, answer, and replication, upon motion of solicitors for complainant, it was referred to J. N. Tally, Esq., standing master, "to take evidence and make his findings, both of the evidence and as to the law of said cause, and report said findings to the court"; that, in pursuance of this order of reference, the standing master took the evidence and made his findings of fact and of law, and returned them into the clerk's office. These findings both of fact and law were in favor of the complainant, the master finding that upon the facts shown the complainant was entitled to a decree of specific performance for the conveyance of certain property as prayed in his bill, and was also entitled to recover certain amounts as the rental value of the property. Thereafter the defendant E. B. Harris filed numerous exceptions to the master's findings and conclusions. Later the defendant E. B. Harris was adjudged bankrupt, and Cook Clayton, trustee of the bankruptcy estate, was made party defendant to the cause. The court by order assigned the cause for hearing for a day and hour certain, and ordered that counsel for the respective parties be served with notice of such assignment. At the time fixed the court called upon the solicitors for the complainant to proceed with the submission of the cause. They refused to proceed, and thereupon the court passed an order dismissing complainant's bill for want of prosecution.

W. D. McNeil and M. Felton Hatcher, both of Macon, Ga., for appellant.

Arthur L. Dasher, Jr., and Malcolm D. Jones, both of Macon, Ga., and Andrew J. Cobb, of Athens, Ga., for appellees.

Before PARDEE, Circuit Judge, and NEWMAN and MEEK, District Judges.

MEEK, District Judge (after stating the facts as above). The cause standing for trial on exceptions filed by the defendant to the report of the master in chancery, it is urged that the court erred in dismissing complainant's bill upon failure of solicitors for complainant to proceed, for the reason that the burden of sustaining the exceptions was on the defendant; there being no burden upon the complainant nor legal requirement that they should argue the exceptions.

The filing of the report on the facts and the law by the standing master favorable to the complainant and the subsequent filing of exceptions thereto by the defendant shifted the burden of going forward from the complainant to the defendant. The present "Rules of Practice for the Courts of Equity for the United States" were adopted

by the Supreme Court at the October term, 1881. So early as the October term, 1882, the point here raised was settled by that court in Metzker v. Bonebrake, 108 U. S. 66, 2 Sup. Ct. 351, 27 L. Ed. 654. There, speaking for the court, Mr. Justice Miller said:

"The evidence taken by the master was reported with his findings, and the case seems to have been treated by the court below without much regard to the finding of the facts by the master, or any special regard to the exceptions made to his report. This is not correct practice in chancery cases in the circuit courts of the United States, whatever may be the rule in the state courts. The findings of the master are prima facie correct. Only such matters of law and of fact as are brought before the court by exceptions are to be considered, and the burden of sustaining the exception is on the objecting party."

In the court below, the defendant, the exceptor, should have been called upon to proceed, and the court should have taken action upon the exceptions to the master's report in disposing of the cause. It is true the report of the master is entirely within the power of the court to set aside, modify, or correct in any manner consistent with the justice of the case. National Folding Box & Paper Co. v. Dayton Paper Novelty Co. (C. C.) 91 Fed. 822, and authorities there cited. Jaffrey v. Brown (C. C.) 29 Fed. 476. But the master's report is a step in the progress of the cause toward the decree of the court. It is so recognized to be by the equity rules and the authorities. There should not be a dismissal of the bill without consideration of the exceptions to the master's report and a proper disposition thereof.

The cause will be reversed, with directions to proceed in conformity with the view here expressed.