SMITH et al. v. CARLISLE.

(Circuit Court of Appeals, Fifth Circuit. January 4, 1916.)

No. 2776.

Equity ☞359—Dismissal—Condition of Cause.

After the reference of a suit to a master to hear and determine all issues of fact and law, and after the master on evidence submitted by both parties had made his report containing a number of findings, including a general one in favor of defendants, and after plaintiff had filed exceptions thereto, the court erred in permitting plaintiff to dismiss his bill without prejudice, as such a discontinuance of the case involved more

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the defendant than the incidental annoyance of a second litigation upon the same subject-matter, and was manifestly prejudicial to defendant, since it deprived him of the benefit of findings in his favor which were prima facie correct, and could not be set aside or modified unless error or mistake clearly appeared.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 749–755; Dec. Dig. ☞359.]

Appeal from the District Court of the United States for the Northern District of Georgia; Wm. T. Newman, Judge.

Suit by W. A. Carlisle against C. Elmer Smith and others. From a decree dismissing the bill without prejudice (224 Fed. 231), defendants appeal. Reversed.

Robert C. Alston and Philip H. Alston, both of Atlanta, Ga., and Herbert H. Dean, of Gainesville, Ga., for appellants.

Clifford L. Anderson, of Atlanta, Ga., for appellee.

Before PARDEE and WALKER, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. After the issues of fact and of law in this case had, without objection from any of the parties, so far as appears, been referred to a master to hear and determine and to report thereon, after the master, on much evidence submitted to him by the opposing parties, had made his report, containing a number of findings, including a general one in favor of the defendants, and after the plaintiff had filed many exceptions to that report, following the payment of the costs in the case by the plaintiff, he was permitted, over objections made by the defendants, to dismiss his bill without prejudice. The defendants appeal from the decree to this effect. "The general proposition is true that a complainant in an equity suit may dismiss his bill at any time before the hearing, but to this * * * proposition there are some recognized exceptions. Leave to dismiss a bill is not granted where, beyond the incidental annoyance of a second litigation, * * * such action would be manifestly prejudicial to the defendant." Pullman's Car Co. v. Transportation Co., 171 U. S. 138, 145, 18 Sup. Ct. 808, 811 (43 L. Ed. 108). It is well settled by the authorities that an equity cause, before a final hearing or decision therein by the court, may progress so far and in such a way that the complainant's right to end it by a dismissal of his bill without prejudice ceases to exist. Gilmore v. Bort (C. C.) 134 Fed. 658; City of Detroit v. Detroit City Railway Co. (C. C.) 55 Fed. 569; American Bell Tel. Co. v. Western Union Telegraph Co., 69 Fed. 666, 16 C. C. A. 367; 16 Cyc. 461. This happens when, as a result of proceedings in the cause, the defendant has acquired a substantial right or advantage of which he would be deprived by such a dismissal of the bill. We do not think that with any plausibility it can be contended that it is not manifestly prejudicial to a defendant to permit the complainant to dismiss his bill without prejudice after the filing of such a report of a master in favor of the defendant as was made in this case. Such a discontinuance of the case involves more for the defendant than the incidental annoyance of a second litigation upon

the same subject-matter. It deprives him of the benefit of findings in his favor.

The master's action was a decision in favor of the defendants on the merits of the controversy. It is true that his report is subject to be set aside, modified, or corrected by the court. But the master's findings in matters of fact are prima facie correct, the burden of sustaining exceptions thereto is on the objecting party, and such findings are not to be set aside or modified unless there clearly appears to have been error or mistake on the master's part. Medzker v. Bonebrake, 108 U. S. 66, 2 Sup. Ct. 351, 27 L. Ed. 654; Tilghman v. Proctor, 125 U. S. 136, 149, 8 Sup. Ct. 894, 31 L. Ed. 664; Henry v. Harris, 201 Fed. 872, 120 C. C. A. 210; Continuous Glass Press Co. v. Schmertz Wire Glass Co., 219 Fed. 199, 135 C. C. A. 85; In re Utica Pipe Foundry Co. (D. C.) 221 Fed. 787. A prima facie correct settlement in favor of the defendant in a case of the issues of fact therein, having the effect, as a master's report does, of putting upon the complainant a new burden as to such issues, confers upon the defendant a right and a substantial advantage which he did not have before. Hollingsworth, etc., Co. v. Foxborough District, 171 Mass. 450, 50 N. E. 1037. Of this right and advantage in the contest waged between the parties the defendant is deprived by permitting the complainant, after the case has reached such a stage, to dismiss his bill without prejudice. An effect of the dismissal allowed was to enable the complainant to escape the burden which the master's findings had cast upon him, and to start the controversy anew, with no adverse finding standing in his way. This was a material change for the worse in the situation of the defendants.

The conclusion is that, the defendants having acquired rights which would be lost by a discontinuance of the case at the stage which it had reached, the exercise of a sound discretion called for a denial of the complainant's application to dismiss his bill without prejudice. It follows that the decree appealed from should be reversed; and it is so ordered.