## ANDERSON COAL CO. v. WABAN ROSE CONSERVATORIES et al.

(District Court, D. Massachusetts. November 1, 1921.)

No. 1066.

**Judges ⬳51(3)—Affidavit of prejudice, not seasonably filed, and filed for delay, etc., did not affect judge's right to hear case.**

Under Judicial Code, § 21 (Comp. St. § 988), where an affidavit of prejudice was not filed 10 days before the beginning of the term, and good cause for the delay was not shown, and it was filed with a view to delay and contained assertions which were untrue, irrelevant, or scandalous, it had no legal effect on the judge's right to continue to sit in the cause.

In Equity. Suit by the Anderson Coal Company against the Waban Rose Conservatories and others. On motion to strike from the record an affidavit of prejudice. Motion granted, and affidavit ordered stricken.

Jasper N. Johnson, of Boston, Mass., for plaintiff.

Ernest Vaughan and Vaughan, Esty & Clark, all of Worchester, Mass., for defendant Park Trust Co.

W. E. Ulmer and Forest F. Collier, both of Boston, Mass., specially for defendant Ulmer.

BINGHAM, Circuit Judge. The above cause came on for hearing before me October 28, 1921, on motion of Francis G. Goodale, receiver therein, asking that a certain document, filed in the cause October 13, 1921, by W. Edwin Ulmer and entitled "Affidavit of Prejudice," be stricken from the record, on the grounds: (1) That it was not filed within the time required by law and without good cause for failure to do so; (2) that it is not in the form required by law; (3) that its allegations are insufficient to constitute an affidavit within section 21 of the Judicial Code; (4) that the facts and reasons stated in it are insufficient to show personal bias or prejudice against the affiant on the part of the judge against whom the affidavit was filed; (5) that it shows on its face that it was not filed in good faith but for the purpose of spreading upon the record the scandalous and impertinent statements which it contains; (6) that it shows on its face that it was not filed in good faith for the reason that certain statements therein contained are, upon the record in this case, untrue, specifying in particular paragraphs 8, 10, and 13.

At the hearing it appeared that the original bill was filed January, 1921; that Mr. Goodale was appointed receiver of the Waban Rose Conservatories in February, 1921; that May 5, 1921, Elbridge R. Anderson entered an appearance of record as counsel for W. Edwin Ulmer, an application for contempt having been filed against said Ulmer in the original proceeding; that on June 9, 1921, an ancillary proceeding brought by the receiver against said Ulmer and others to recover assets alleged to belong to the estate was filed; that a motion to dismiss the ancillary petition and pleas to the jurisdiction were filed June 27, 1921; that a hearing on said motion and pleas was had before George W. Anderson, Circuit Judge, sitting in said cause in the District Court under a previous assignment, at which time said Elbridge R. Anderson appeared and acted as counsel for said Ulmer; that the motion and pleas were overruled without prejudice to the right to raise the same questions in an answer, and it was ordered that an answer be filed August 15, 1921; that on or about October 7, 1921, the receiver requested the court (Judge Anderson) to set a time for hearing the ancillary proceeding on its merits; that said Ulmer appeared and asked for delay, stating that his counsel, Elbridge R. Anderson, was otherwise engaged; that delay was granted until October 13, 1921; that on that day the receiver and Ulmer, but without counsel, appeared before Judge Anderson, when said Ulmer filed the affidavit which is the basis of the present motion.

The statute under which the affidavit was filed is section 21 of the Judicial Code (Comp. St. § 988) and reads as follows:

"Whenever a party to any action or proceeding, civil or criminal, shall make and file an affidavit that the judge before whom the action or pro-

ceeding is to be tried or heard has a personal bias or prejudice either against him or in favor of any opposite party to the suit, such judge shall proceed no further therein, but another judge shall be designated in the manner prescribed in the section last preceding, or chosen in the manner prescribed in section twenty-three, to hear such matter. Every such affidavit shall state the facts and the reasons for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term of the court, or good cause shall be shown for the failure to file it within such time. No party shall be entitled in any case to file more than one such affidavit; and no such affidavit shall be filed unless accompanied by a certificate of counsel of record that such affidavit and application are made in good faith. * * *"

The affidavit purports to have been made by W. Edwin Ulmer, in his own behalf and that of his wife, Mazie G. Ulmer, and his sister-in-law, Mabel E. Greene, respondents in the ancillary proceeding. It was signed "W. Edwin Ulmer, specially," without more. The certificate in support of the affidavit bears the signature "W. Edwin Ulmer, specially." It was not signed by Elbridge R. Anderson, his counsel of record.

The terms of the District Court in the Massachusetts district begin on the second Tuesday in September, the first Tuesday of December, the third Tuesday of March, and the fourth Tuesday of June.

I find that the affidavit in question was not filed more than 10 days before the beginning of the term at which the cause was in order to be heard; that good cause was not shown for failure to file it seasonably; and that it was filed with a view of delay in the trial of the cause. Whether, under the circumstances above narrated, the certificate accompanying the affidavit was in compliance with the requirements of section 21, I find it unnecessary to determine.

I am satisfied that the affidavit contains some assertions of fact which the record in the case discloses to be untrue; others that are irrelevant, some of which are scandalous in character.

The affidavit, not being in compliance with the statute, had no legal effect upon the right of the judge to continue to sit in the cause. Keown v. Hughes (C. C. A.) 265 Fed. 572.

The motion is granted, and it is ordered that the affidavit be struck from the record.