### HINES et al. v. MARTIN.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1923.)

No. 3866.

1. **Equity ⬅195—Answer denying title of complainant and pleading adverse possession is not cross-bill.**

An answer to a bill to quiet title, which pleaded that defendants had valid title to the land, and also pleaded adverse possession and prayed that they might be dismissed with their costs, set up matters strictly in defense of plaintiff's claim, and was not equivalent to a cross-bill, a cross-bill being neither needed nor permitted in a federal court, and all affirmative relief necessary to be sought thereby under the former rules of equity being obtainable through an answer framed for that purpose.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Equity ⚙═279—Amendment to prayer of answer requesting decree establishing title in defendants does not make it a cross-bill.**

Where the answer to a bill to quiet title alleged title in defendants and adverse possession by them, a proposed amendment adding a prayer for a decree establishing the title of defendants over the plaintiff would have been insufficient to make the answer the equivalent of a cross-bill, since a decree dismissing the bill on the merits would have been conclusive as establishing the title of defendants against the plaintiff in any subsequent litigation.

**3. Equity ⚙═196—Cross-bill not seeking discovery or relief unobtainable by answer will be dismissed.**

A cross-bill seeking no discovery and setting up no defense which might not as well have been taken by answer will be dismissed with costs.

**4. Equity ⚙═267—Discretion not abused by denying leave to amend answer after complainant had moved for dismissal.**

Where complainant moved to dismiss his bill without prejudice, at a time when the answer sought no affirmative relief, it was not an abuse of the trial court's discretion to refuse permission to amend the answer to pray for a decree quieting title in defendants, and to grant plaintiff's motion for dismissal, even if the first order of dismissal was invalid because made without notice to defendants.

**5. Equity ⚙═359—Liability to another suit does not entitle defendant to oppose dismissal by complainant.**

The fact that defendants might be subjected to the annoyance of another suit is not alone sufficient to entitle them to object to the discontinuance of a suit in equity by plaintiff's voluntary dismissal without prejudice, even though the suit had been begun in the state court and removed by the defendants to the United States court, since they could do the same thing with a subsequent suit.

**6. Appeal and error ⚙═1170(1)—Irregularity in dismissing on plaintiff's motion without notice to defendant held not to require reversal.**

Under Judicial Code, § 269, as amended by Act Feb. 26, 1919 (Comp. St. Ann. Supp. 1919, § 1246), requiring the court on appeal to give judgment after an examination of the entire record, without regard to technical errors which do not affect the substantial rights of the parties, irregularity in dismissing a suit on plaintiff's motion without notice to defendants does not require reversal of a subsequent decree of dismissal made after notice, even though the record does not show a motion to vacate the former orders, where no reason appeared why the suit should not be dismissed.

Appeal from the District Court of the United States for the Southern District of Mississippi; Henry D. Clayton, Judge.

Suit in equity by F. C. Martin against Edward Hines and others, as trustees of the Edward Hines Yellow Pine Trustees, a trust estate, and others, begun in state court, and removed to United States District Court by the defendants. From an order denying the motion of defendant trustees to amend their answer, and from a decree dismissing the bill of complaint on plaintiff's motion without prejudice, defendants appeal. Affirmed.

W. L. Wallace, of Lumberton, Miss., T. J. Wills, of Hattiesburg, Miss., and Wm. S. Bennett, of Chicago, Ill. (T. W. Davis, of Purvis, Miss., on the brief), for appellants.

F. C. Hathorn, of Hattiesburg, Miss. (Hathorn & Williams, of Hattiesburg, Miss., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KING, Circuit Judge. F. C. Martin, a citizen of Mississippi, filed his bill in equity in the chancery court of Pearl River county, Miss., against Edward Hines, L. L. Barth, and C. F. Wiehe, trustees of the Edward Hines Yellow Pine Trustees, a trust estate, said persons being citizens of Illinois, and against certain other persons, which said suit was by said Edward Hines and others, trustees, etc., as aforesaid, removed into the United States District Court for the Southern District of Mississippi, upon the ground that there was a separable controversy therein between said Martin and said trustees.

Said bill of complaint alleged that the said plaintiff held title to certain lands, therein described, and the timber thereon; that the same had been patented by the United States of America to the state of Mississippi, and by the state of Mississippi patented to plaintiff's predecessor in title; that the officials of said state had undertaken to convey the same to the Pearl River Improvement & Navigation Company, and that the defendants claimed title from said Pearl River Improvement & Navigation Company; that the conveyance to said Pearl River Improvement & Navigation Company was without authority of law and void.

The defendants Hines and others, trustees as aforesaid, answered said bill of complaint, responding to the several allegations therein made, and asserting that they had a good and sufficient title through the several conveyances in said answer set up from said Pearl River Improvement & Navigation Company, and also asserting that they and their predecessors in title had been in the actual, visible, notorious, continuous, exclusive, adverse, and hostile possession of said lands and all of them under color of title for more than 10 years, and had exercised such possession adversely to plaintiff and his predecessors in title for more than 30 years, which said adverse possession had been continuous and unbroken for said period of time. They concluded said answer by denying that the plaintiff was entitled to any relief whatever and praying that having fully answered they might be dismissed with their reasonable costs.

Plaintiff moved the court for leave to suffer a nonsuit as to the said Edward Hines, L. L. Barth, and C. F. Wiehe, trustees as aforesaid, and that said suit be dismissed without prejudice to said plaintiff. No notice appears to have been given of this motion, but an order granting the same was signed by the judge of said District Court on December 31, 1921.

On February 22, 1922, said defendant trustees filed a motion praying to be permitted to amend their answer theretofore filed by adding at the conclusion thereof the following words:

"And said respondents further pray that the said bill of complaint against them be dismissed, and that they, the said defendants, be decreed to be the sole, legal, and equitable owners of the land described therein."

On February 23d a further decree was entered in said case reciting that, the cause coming on to be heard on the motion of complainant to dismiss the same without prejudice, and the court having heard and considered the same, it was ordered, adjudged, and decreed that the same be, and the same was thereby, dismissed without prejudice.

On March 10, 1922, the motion of the defendant trustees to amend their answer was heard and was denied. The defendant trustees have appealed from said order denying said motion to amend, and also from the decree dismissing said bill of complaint without prejudice.

[1] We do not think there was any abuse of discretion on the part of the court below in refusing the defendants the right to amend their answer in the manner proposed, as decreed by the order of March 10, 1922. Recognizing fully that a cross-bill in equity is neither needed nor permitted in a suit in equity in a federal court, and that all affirmative relief necessary to be sought by a cross-bill under the former rules of equity practice can now be obtained through an answer in equity framed for that purpose, we do not think that the answer in this case, as filed, was in any sense an answer in the nature of a cross-bill. The matter set up therein was strictly responsive to the allegations of the chain of title under which plaintiff claimed, and set up in defense of plaintiff's claim the claim of title under which defendants defended, and through which they claimed a superior right to that alleged by the plaintiff. It was in every particular an answer strictly defensive and responsive to the bill of complaint. It concluded with a denial, under the allegations of the answer, of the plaintiff's right to the relief sought, with the single prayer that defendants be dismissed with their reasonable costs.

[2] We do not think that the proposed amendment to the answer would have made it the equivalent of a cross-bill. The only prayer is that the bill of complaint against them be dismissed, and that they, the said defendants, be decreed to be the sole, legal and equitable owners of the land described therein. This would have been the legal consequence of a decree dismissing the bill upon the merits, and such a decree thereafter could have been pleaded as establishing the title of defendants over the plaintiff in any subsequent litigation respecting said land, as fully as a decree expressly stating that defendants were the legal and equitable owners.

[3] A cross-bill seeking no discovery and setting up no defense which might not as well have been taken by answer will be dismissed, with costs. American & General Mortg. & Inv. Corp. v. Marquam (C. C.) 62 Fed. 960, 962; 2 Daniell, Ch. Pr. 1552, note; 1 Whitehouse, Eq. Pr. p. 270.

[4] But the question of allowing such amendments is one in the discretion of the court, and where the plaintiff at a time when the answer contained no suggestion seeking affirmative relief of any sort procured an order of the court dismissing his bill without prejudice, even if such order was liable to be set aside because procured without previous notice of such purpose to the defendants, the order was not void. It evidenced a purpose of plaintiff to avail himself of what has been recognized generally to be his right, except under special circumstances. Pullman's Car Co. v. Transportation Co., 171 U. S. 138, 145, 18 Sup. Ct. 808, 43 L. Ed. 108.

[5] The defendants did not show that they would have been deprived of any right against the plaintiff by the dismissal of the case, but only that they might be subjected to the annoyance of another suit.

This alone is insufficient to entitle defendants to object to the discontinuance of a suit in equity by voluntary dismissal by the plaintiff without prejudice. The case is wholly unlike one where large expense had been gone to in taking proof in a cause, or where the defendant has obtained a favorable report from a master in chancery, or other like cases where some peculiar hardship would befall the defendant. The case had not proceeded beyond the filing of said answer. Smith v. Carlisle, 228 Fed. 666, 143 C. C. A. 188; Pullman's Car Co. v. Transportation Co., 171 U. S. 138, 145, 18 Sup. Ct. 808, 43 L. Ed. 108.

If the plaintiff should again sue these defendants in the state court, they could as well remove the case to the federal court as they did in the present case.

[5] We do not think that the irregularity of want of previous notice to the defendants, or their solicitors, of a motion to dismiss said cause without prejudice would call for a reversal of such order. While the record does not show that any motion was made to vacate these orders, it is recited in the brief of appellants that such motion was made and denied by the court, which amounted to a reaffirmation of these orders, after notice. As no reason exists why the case should not have been dismissed on plaintiff's motion without prejudice at the time it was done, the decree should not now be set aside. 40 Stat. at L. c. 48, p. 1181 (Comp. St. Ann. Supp. 1919. § 1246); Southern Oil Corp. v. Waggoner (C. C. A.) 276 Fed. 487, 490.

The judgment of the District Court is affirmed.