### JAMISON v. FULLERTON et al.

(District Court, E. D. Arkansas, W. D. January 13, 1925.)

No. 2022.

1. **Equity** ⬅️**359—Rule as to plaintiff's right to dismiss bill before final hearing without prejudice, stated.**

Ordinarily, plaintiff has undisputed right to dismiss bill in equity, without prejudice, before final hearing, on payment of costs, except where dismissal would prejudice defendant in some way other than by mere prospect of being harassed and vexed by future litigation of same kind.

2. **Equity** ⬅️**359—Plaintiff held not entitled to dismiss without prejudice.**

Where plaintiff took no steps for over three years to bring action to hearing, and one defendant had come long distance to attend court on stipulation for final hearing, and large number of witnesses from distant part of state were in attendance, and court had announced that motion to dismiss for laches must be sustained, plaintiff was not entitled to dismiss without prejudice.

In Equity. Suit by J. L. Jamison against S. H. Fullerton and others. On defendants' motion to set aside order permitting plaintiff to dismiss his complaint without prejudice. Motion granted.

Lamar Williamson, of Monticello, for plaintiff.

Frank H. Sullivan, of St. Louis, Mo., and Chas. T. Coleman, of Little Rock, Ark., for defendants.

TRIEBER, District Judge. This is a motion by the defendants to set aside an order of the court permitting the plaintiff to dismiss his complaint without prejudice. The facts, as they appear from the evidence, and also based upon the recollection of the court, the same judge presiding when the leave to dismiss was granted, who is now hearing this motion, are as follows:

The action was instituted in one of the chancery courts of the state of Arkansas, on the 20th day of January, 1921, and by amendment shortly thereafter against all the defendants, except the defendant S. H. Fullerton. Upon the petition of the then defendants the cause was removed to this court. Answers were filed by these defendants, but no steps were taken to bring the cause to trial. On March 24, 1924, a substituted complaint was filed, in which, for the the first time, S. H. Fullerton, a nonresident of the state of Arkansas, residing in the state of California, was made a codefendant in the action. In September, 1924, a written stipulation by counsel was filed and approved by the court, which is as follows: "J. L. Jamison, Plaintiff, v. S. H. Fullerton et al., Defendants. Stipulation. It is agreed that the above-entitled cause shall be tried and submitted to the court on the sole issue of liability. If the court finds that none of the defendants are liable to the plaintiff, a final decree shall be entered dismissing the complaint for want of equity. If the court finds that any of the defendants are liable to the plaintiff, the parties will thereafter take proof on the question of the amount of damages, the same to be determined at a subsequent hearing by the court, or by a master, as the court shall direct. [Signed] Jones, Hooker, Sullivan & Angert, Coleman, Robinson & House, Solicitors for Defendants. [Signed] Mehaffy & Mehaffy, Lamaw Williamson, Solicitors for Plaintiff."

On November 24, 1924, the parties appeared in person, the defendant S. H. Fullerton having come from his home in the state of California in order to testify, if it were necessary. A number of witnesses residing in this state and district, but some considerable distance from the city of Little Rock, where the cause was to be heard, were present in order to testify in the action. A number of depositions of witnesses had been taken on behalf of the defendants before the stipulation for the final hearing on November 24, 1924, was filed.

Upon the hearing of the cause, after the pleadings, including the contract, which is the basis of plaintiff's action, and which is

filed as an exhibit to the complaint, and the separate answers of the defendants had been read, the court learned for the first time that the answer of the defendant S. H. Fullerton also contained a motion to dismiss the complaint.

The motion to dismiss was based upon the fact that the plaintiff had been guilty of laches in beginning this action against this defendant more than five years after the alleged cause of action had accrued. When this was called to the attention of the court, it informed counsel that it would hear the motion to dismiss first, for if the motion to dismiss should be sustained, it would be unnecessary to hear the large number of witnesses in attendance, and have the depositions read. Thereupon counsel for the defendant stated to the court the grounds upon which they relied, and the court announced that it would hear from counsel for plaintiff why the motion to dismiss for want of equity, i. e., laches, should not be sustained. After hearing the argument of counsel for plaintiff, the court announced that since there is no allegation in the substituted complaint, which states some legal reason why the plaintiff was not guilty of laches in bringing this suit against the defendant S. H. Fullerton, the motion would have to be sustained upon that ground. Thereupon counsel for the plaintiff, after a short conference with co-counsel, asked leave of the court to dismiss the action without prejudice upon payment of the costs, which, by the court, was granted against the objections of the defendants.

[1] The well-established rule is that, ordinarily, it is the undisputed right of a plaintiff to dismiss a bill in equity, without prejudice, before final hearing, on payment of costs, except where the dismissal of the bill would prejudice the defendant in some other way than by the mere prospect of being harassed and vexed by future litigation of the same kind. City of Detroit v. Detroit City Railway Co. (C. C.) 55 F. 569, followed with approval in Pullman's Palace Car Co. v. Central Transportation Co., 171 U. S. 138, 146, 18 S. Ct. 808, 43 L. Ed. 108; Ex parte Skinner & Eddy Corporation, 265 U. S. 86, 93, 44 S. Ct. 446, 68 L. Ed. 912.

American Bell Telephone Co. v. Western Union Tel. Co., 69 F. 666, 670, 16 C. C. A. 367 (1st Circuit). In that case, by agreement of parties the cause had been referred to a master and thereafter the plaintiff was permitted by the Circuit Court to dismiss its bill without prejudice. Upon appeal this was reversed, the court holding:

"The defendant, by the concurrent force of the stipulation of the parties to refer to the master 'to hear the parties, report the facts, and his rulings on any question of law arising in the case,' and the order of the court, acquired the right to have the hearing before the master, his report, and the decision of the master thereupon. Neither party could, at his pleasure, revoke or rescind the reference so made and confirmed."

In Welsbach Light Co. v. Mahler (C. C.) 88 F. 427, the plaintiff, having failed to take his proofs within the time prescribed by the equity rules, asked leave to dismiss the bill, and it was denied. On similar facts a motion for leave to dismiss the bill was denied in Schmeiser Mfg. Co. v. Blanchard (C. C.) 192 F. 363.

In Smith v. Carlisle, 228 F. 666, 143 C. C. A. 188, it was said: "It is well settled by the authorities that an equity cause, before a final hearing or decision therein by the court, may progress so far and in such a way that the complainant's right to end it by a dismissal of his bill without prejudice ceases to exist"—citing authorities. "This happens when, as result of proceedings in the cause, the defendant has acquired a substantial right or advantage of which he would be deprived by such a dismissal of the bill."

In Young v. Samuels (D. C.) 232 F. 784, it was said:

"It may be questioned, however, whether the broad statement of the right of a plaintiff to discontinue, even after the proofs are closed and all the material is ready for a judgment on the merits, can be justified on principle. So broad a right to discontinue may enable a plaintiff to avoid a decision against him, when he has found that, upon the proofs taken and completed as required by the rules of court, a decision against him upon the merits is inevitable if the case proceeds. This, it seems to me, may work a substantial prejudice to a defendant, and amount to a substantial deprivation of his right to end the matter in the tribunal before which the plaintiff has brought him.

"This is something more than subjecting him to the annoyance of subsequent litigation; it is a deprivation of his right to the fruits of the labor and expense which he has already been to in following the course prescribed by law and by the rules of court. In many cases this involves a very great expenditure of time and money, and any rule which ignores this seems unjust to a defendant."

The same rule has been recognized and followed by a number of the highest courts of the states. Kyle v. Reynolds, 211 Mass. 110, 97 N. E. 614. In Keown v. Keown, 231 Mass. 404, 121 N. E. 153, it was held that "a hearing upon a demurrer includes a judicial examination of the issue between the parties, whether by law or fact, McArthur Bros. Co. v. Commonwealth, 197 Mass. 137, 140, 83 N. E. 334, and prevents leave to dismiss the bill without prejudice." In Sontag v. Nautilus Realty Co., 78 Fla. 529, 83 So. 389, the Supreme Court of Florida held:

"While the court may, upon motion of the complainant, dismiss an equity cause without prejudice at any time, when the dismissal would not materially prejudice the rights of the defendant, yet if the defendant has entitled himself to affirmative relief, or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice; but the mere burden, expense, and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying complainant's application to dismiss without prejudice." Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53 South. 939.

In Saylor's Appeal, 39 Pa. 495, it was held that after a feigned issue had been submitted to a jury and its verdict was for the defendant, plaintiff will not be permitted to dismiss the bill without prejudice.

[2] The question now before the court is whether the facts in this action bring it within any of the recognized exceptions.

Without referring to other authorities, which are quite numerous, the court is of the opinion that in view of the facts that the court had announced its decision that the demurrer must be sustained, that the complaint showed that the plaintiff had been guilty of laches in instituting his action against the defendant S. H. Fullerton, and failed to allege any facts which would prevent the plea of laches raised by defendant's motion to dismiss, the fact that for more than three years no steps were taken by the plaintiff to bring the action to a hearing, that this defendant had come to the court from his home in the distant state of California, in pursuance of the stipulation for a final hearing on that day, that a large number of witnesses from distant parts of this state were in attendance of the court for the final hearing, that by stipulation the parties had agreed that the cause be set for final hearing on that day, that the court had announced after hearing argument of counsel that the motion to dismiss must be sustained, the court is of the opinion that the leave to dismiss the complaint was inadvertently granted, and should be set aside.