## PARKER v. NEW ENGLAND OIL CORPORATION.

(District Court, D. Massachusetts. June 8, 1926.)

No. 1747.

1. **Judges** ⊙⟳39—Relative to disqualifying judge, proceeding is new as to one brought in as defendant when case was ready for final judgment.

As to one brought into case as defendant when it had been heard and determined, and was ready for final judgment and execution, it was new proceeding, relative to right to disqualify judge.

2. **Judges** ⊙⟳49(2)—Judicial opinion, formed on evidence in hearing against others, is not "personal bias or prejudice," ground for disqualifying of right (Judicial Code, § 21 [Comp. St. § 988]).

Judicial opinion formed on legal evidence, offered in court in the hearing of a case is not "personal bias or prejudice," for which, under Judicial Code, § 21 (Comp. St. § 988), judge may be disqualified of right by new defendant subsequently brought in.

In Equity. On affidavit of Bradley W. Palmer to disqualify judge. Affidavit held insufficient.

See, also, 4 F.(2d) 392; 8 F.(2d) 392; 13 F.(2d) 158.

Moorfield Storey, of Boston, Mass., for affiant.

Sherman L. Whipple, of Boston, Mass., opposed.

MORTON, District Judge. The affidavit of prejudice states facts the legal effect of which may be summarized as follows:

A proceeding having been instituted, seeking to charge A., B., and C. with fraud and imposition on the court, the judge who heard the cause became convinced by the evidence that the defendants were guilty of the fraud and imposition charged against them, and that D. (not a party to the proceedings) was actively associated with them in their wrongdoing. And the judge so found in formal opinions, in which he severely criticized D.'s conduct. When the proceeding had been heard and determined, and was ready for final judgment and execution, D. was for the first time summoned in as a party defendant. He thereupon filed an affidavit of prejudice in proper form, stating the facts in detail, and asserting that by reason of them the judge had a personal bias or prejudice against him and was disqualified. The question is whether the affidavit is sufficient under the statute.

In some cases, the judge concerned has himself passed upon the legal sufficiency of

13 F.(2d)—32

the affidavit (Ex parte N. K. Fairbank Co. [D. C.] 194 F. 978; In re Henry v. Speer, 201 F. 869, 120 C. C. A. 207; Saunders v. Piggly Wiggly Corp. [D. C.] 1 F.[2d] 582), while in others he has asked another judge to decide that question (Anderson Coal Co. v. Waban Rose Conservatories [D. C.] 278 F. 945, and [apparently] Ex parte American Steel Barrel Co., 230 U. S. 35, 33 S. Ct. 1007, 57 L. Ed. 1379). Mr. Justice Day says, in his dissenting opinion in Berger v. U. S., 255 U. S. at page 41, 41 S. Ct. 230, 65 L. Ed. 481, that either practice is permissible. In the present case Judge Anderson, preferring not to deal with the matter himself, referred it to Judge Bingham as senior Circuit Judge. On Judge Bingham's declining to act, it was referred to me as senior District Judge. No party makes objection to such reference.

"Of course the reasons and facts for the belief the litigant entertains are an essential part of the affidavit, and must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." McKenna, J., Beger v. U. S., 255 U. S. 33, 41 S. Ct. 233, 65 L. Ed. 481.

There is in the present affidavit no suggestion that the judge had any prejudice or hostility against D. when the original proceeding began, nor that his mind has been influenced against D. by anything except the evidence which he heard in an official capacity in the proceeding against A., B., and C. The affidavit alleges in effect that by reason of such evidence the judge has conceived and expressed a strong prejudice against D.—a statement which for present purposes must be accepted, it not being open to contradict the affidavit.

[1] As to D. the case is a new proceeding; he is entitled to all the rights of an original defendant. It is as if, instead of bringing him into a pending suit, a separate case had been brought against him to obtain the relief prayed for in the petition on which he has been summoned in. U. S. v. Martinez, 195 U. S. 469, 473, 25 S. Ct. 80, 49 L. Ed. 282. The prayers for relief are so broad and inclusive as to open the door to a retrial of the whole case as to him and others in his position.

[2] If a new case had been brought, would the judge be disqualified? That he has formed and expressed a firm opinion on the merits of the controversy between the plaintiff and D. is evident, and, if this is sufficient under the statute, ground for disqualification is plainly shown. The language of the statute

(Comp. St. § 988) is "personal bias or prejudice." "It is a provision," says Mr. Justice Lurton, "obviously not applicable save in those rare instances in which the affiant is able to state facts which tend to show, not merely adverse rulings already made, which may be right or wrong, but facts and reasons which tend to show personal bias or prejudice." Ex parte American Steel Barrel Co., 230 U. S. 35, 43–44, 33 S. Ct. 1007, 1010 (57 L. Ed. 1379). The question whether an unfavorable opinion of a party, formed and expressed by a judge in previous litigation, amounts to personal bias or prejudice within the statute, has arisen several times, and it has uniformly been held that the judge was not disqualified. Ex parte N. K. Fairbank Co. (D. C.) 194 F. 978, 992; Saunders v. Piggly Wiggly Corp. (D. C.) 1 F.(2d) 582, 584, 586; Henry v. Speer, 201 F. 869, 120 C. C. A. 207 (C. C. A. 5th). In this last case an affidavit was filed under the statute, seeking to disqualify the judge because of his findings and opinions in earlier phases of the same general controversy. The affidavit was formally defective in not containing the word "personal." The affiant contended that the affidavit was nevertheless sufficient, because the facts stated showed personal bias or prejudice. It was held by the Circuit Court of Appeals that they did not. The court said:

"Its perusal [the affidavit] reveals that the facts and reasons advanced in support of the charge of bias and prejudice do not tend to show the existence of a personal bias or prejudice on the part of the judge toward the petitioner, but rather a prejudgment of the merits of the controversy and 'against deponent's right to recover.' Section 21 [Comp. St. § 988] is not intended to afford relief against this situation." Meek, J., 201 F. 872, 120 C. C. A. 210.

Mr. Justice Day, in his dissenting opinion in the Berger Case, supra, apparently assumes that a disqualifying affidavit cannot be based on what a judge said in passing sentence upon a convicted defendant.

In my judgment, a judicial opinion, formed upon legal evidence, offered in open court in the hearing of a case, is not "personal bias or prejudice" under this statute, no matter how adverse or severe it may be upon the party concerned; and I so rule.

In Saunders v. Piggly Wiggly Corp., ubi supra, Judge Ross points out that the statute in question has two parts—the first relating to the removal of the judge as of right by an affidavit of personal bias or prej-

udice; the second to his recusing of his own motion on a certificate made by him "that he deems himself unable for any reason to preside with absolute impartiality in the pending suit or action." Under this view, which seems to me sound, the field covered by the absolute right of removal is relatively narrow, and by no means includes all cases in which a judge ought not in fairness to sit. The statute contemplates "absolute impartiality in the pending suit or action" on the part of the judge. Whether previous proceedings have created in a judge's mind opinions so firmly held that the new defendant will be at a substantial disadvantage is left to the judge to say. If they have, or there is danger that they have, the statute opens the way for the judge to withdraw without any question of his avoiding his duty in so doing.

I rule that the affidavit does not disqualify Judge Anderson.