LEHAN, Judge.
Plaintiff brings this interlocutory appeal under rule 9.030(b)(1)(B) and 9.130(a)(3)(B), Florida Rules of Appellate Procedure, from a summary judgment in favor of defendants as to two counts of the complaint which seek injunctive relief. Those counts request a declaratory judgment that 1980-82 ad valorem taxes levied by the Lake Padgett Estates East Road and Bridge District against plaintiffs land are invalid because the taxes were levied pursuant to sections 336.61-336.67, Florida Statutes (1977), which were facially unconstitutional and unconstitutional as applied. An injunction is sought against the district, the Director of the State Department of Revenue and the Tax Collector of Pasco County from levying taxes or issuing tax certificates on plaintiffs property. We affirm.
Plaintiff is the personal representative of the estate of Harold E. Mertz, deceased, *330 and claims ownership of the land pursuant to tax deeds based upon tax certificates purchased by Mertz for amounts representing unpaid ad valorem taxes on the property for the years 1976-79. Defendant appel-lees are the Lake Padgett Estates East Road and Bridge District which levied the taxes pursuant to the foregoing statutes, the Tax Collector of Pasco County in which the land is located, the Executive Director of the Florida Department of Revenue, and Clarence Koltun, as class representative of the holders of approximately 1,858 bearer bonds which were issued by the district and which were to have been, but were not, paid off through proceeds from the district’s tax levies. Only plaintiff, the district, and Koltun have filed briefs and argued before this court.
We need not and do not address the extensive arguments as to whether those statutes were unconstitutional. We hold that under the peculiar facts of this case plaintiff may not question the constitutionality of the statutes. Plaintiff’s decedent began purchasing the tax certificates in 1977, almost five years after the district was formed and long after the taxes were levied by the district’s commissioners whose authority plaintiff now questions, long after the bonds were validated and sold to the bondholders, and long after the bond proceeds were spent by the district. Plaintiff may not now, on the one hand, claim an ownership interest in the land by virtue of tax deeds which resulted from taxes levied pursuant to those statutes and, on the other hand, claim that that ownership interest is not subject to taxes levied pursuant to the same statutes because those statutes are unconstitutional. Indeed, if we would assume, arguendo, as plaintiff alleges, that those statutes were unconstitutional ab initio, it would appear that plaintiff would then have no ownership interest and no standing in this suit. See McCormick v. Bounetheau, 139 Fla. 461, 190 So. 882 (1939). If we assume, arguendo, as plaintiff also alleges, that plaintiff does have an ownership interest, it would then appear that the statutes should be considered valid because plaintiff, hav-mg claimed her ownership interest under the statutes, is estopped from contending that the statutes are invalid. See Baldwin Drainage District v. MacClenny Turpentine Co., 154 Fla. 525, 18 So.2d 792 (1944); Abell v. Town of Boynton, 95 Fla. 984, 117 So. 507 (1928). See also Billings v. City of Orlando, 287 So.2d 316 (Fla.1973).
Affirmed.
DANAHY, A.C.J., and SCHOONOVER, J., concur.