597 So.2d 414 (1992)
HCA HEALTH SERVICES OF FLORIDA, INC., d/b/a HCA Medical Center of Port St. Lucie, and Perry R. Lloyd III, M.D., Appellants,
v.
Gus BRANCHESI, as Personal Representative of the Estate of Adria Branchesi, Deceased, Appellee.
Nos. 91-1263, 91-1299.
District Court of Appeal of Florida, Fourth District.
April 22, 1992.
Janis Keyser and Elena L. Ris, Gay, Ramsey & Lewis, P.A. for appellant HCA Health Services of Florida, Inc. d/b/a HCA Medical Center of Port St. Lucie.
David W. Spicer, Bobo, Spicer, Ciotoli, Fulford & Bocchino, P.A., West Palm Beach, and Julian Clarkson, Holland and Knight, Tallahassee, for appellant Perry R. Lloyd, III, M.D.
Robert M. Klein, Stephens, Lynn, Klein and McNicholas, P.A., Miami, for amici curiae Fla. Medical Ass'n. and Fla. Hosp. Ass'n.
Joel S. Perwin and Joel D. Eaton, Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., and Mike Eidson, Colson, Hicks, Eidson, Colson and Matthews, Miami, for appellee.
ANSTEAD, Judge.
At issue is whether the trial court erred in ruling that certain provisions of the Florida medical malpractice statutes were unconstitutional. We affirm.
At the center of the constitutional debate are provisions of the act mandating caps on non-economic damages in malpractice actions and providing for arbitration of such claims. Because we find ourselves in substantial agreement with the reasoning of the Third District in considering the same issues in University of Miami v. Echarte, 585 So.2d 293 (Fla. 3d DCA 1991), we decline to set out our reasoning in detail. Instead, we affirm the trial court's judgment based upon the reasoning set out in Judge Baskin's opinion in Echarte, and we expressly hold that sections 766.207 and 766.209, Florida Statutes (1989) violate the provisions for access to the courts and for jury trial as set out in the Florida Constitution, and as interpreted by the Florida Supreme Court in Smith v. Department of Insurance, 507 So.2d 1080 (Fla. 1987).
HERSEY and GARRETT, JJ., concur.