PER CURIAM.
In this medical malpractice action, the plaintiffs, Mr. and Mrs. Santelli, challenge the trial court’s order granting a motion to compel arbitration. We find that the defendants who filed the motion, Victor M. Arean, M.D., Davis, Reilly, Arean, Thompson & Echevarria, M.D.s, and Pathology Associates, P.A., timely accepted Mr. and Mrs. Santelli’s offer of voluntary binding arbitration, and therefore, we affirm the trial court’s order compelling arbitration as to these defendants only.
Although Mr. and Mrs. Santelli actually requested voluntary binding arbitration pursuant to sections 766.207 and 766.209, Florida Statutes (1989), they now complain that even if the defendants timely accepted their offer to arbitrate, the limitations and damage caps imposed upon them by electing arbitration are unconstitutional. The Santellis rely on the recent decisions of HCA Health Services of Florida, Inc. v. Branchesi, 597 So.2d 414 (Fla. 4th DCA 1992), and University of Miami v. Echarte, 585 So.2d 293 (Fla. 3d DCA 1991). In these cases, which are currently on appeal in the Florida Supreme Court, the district courts held that sections 766.207 and 766.209 violate the constitutional provisions providing right of access to the courts, and in Bran-chesi the court also found the statutes violate the constitutional right to jury trial. The courts in Branchesi and Echarte found that the subject statutes were unconstitutional as applied to specific facts where the defendant physician requested the arbitration and thereby subjected the claimants to certain limitations whether they accepted or rejected the offer to arbitrate. The courts did not find sections 766.207 and 766.209 facially invalid.
We find, however, that the statutes in question are not unconstitutional as applied to the specific facts in this case. Contrary to Branchesi and Echarte, the claimants in our case requested arbitration, and thereby voluntarily subjected themselves to certain limitations,[1] even though nothing in sections 766.207 and 766.209 required them to do so. We, accordingly, affirm the trial court’s order granting the motion to compel arbitration.
Affirmed.
SCHOONOVER, A.C.J., and FRANK and PARKER, JJ., concur.

. By so doing, Mr. and Mrs. Santelli may arguably be estopped from attacking the subject statutes by voluntarily triggering the very limitation provisions they now challenge. Cf. Mertz v. Lake Padgett Estates East Road & Bridge District, 487 So.2d 329 (Fla. 2d DCA 1986).