**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**GLASS MARINE INDUSTRIES, INC., a Delaware corporation, Defendant.**

**Civ. A. No. 2276.**

United States District Court
D. Delaware.

Jan. 18, 1961.

See also 199 F.Supp. 18.

John J. Enright, Chicago, Ill., for Securities and Exchange Commission.

James T. McKinstry, Richards, Layton & Finger, Wilmington, Del., and Peter Edge, Chicago, Ill., for defendant.

Samuel R. Russell, Jr., Morford, Young & Conaway, Wilmington, Del., and Lawrence A. Coles, Jr., Chicago, Ill., for stockholder Haydon Leason.

John J. Morris, Jr., Morris, James, Hitchens & Williams, Wilmington, Del., and Saul S. Nevins, New York City, for proposed intervenor Lancer Industries, Inc.

LEAHY, Senior District Judge.

### Order

And now January 18, 1961, it appearing that on December 7, 1960 this Court entered an order which temporarily restrained defendant, Glass Marine Industries, Inc., from transferring, selling, assigning, etc., any claims or assets, etc., belonging to or in its possession, which injunction was extended by further order on December 21, 1960, and it further

Appearing Lancer Industries, Inc. has filed its petition for intervention which has been allowed, and has filed its motion for modification of said orders of this Court and its injunctions, now together with the affidavit of Saul S. Nevins, Esq., attorney for petitioner, the SEC's answer to said petition, the affidavit of John J. Enright, Esq., attorney for plaintiff, and upon all papers submitted herein, the proceedings heretofore had herein together with all the testimony, it is

Ordered the motion of Lancer Industries, Inc. is denied; and the temporary injunction order of December 7, 1960, and as extended, does and still stays, restrains and enjoins the transfer, delivery and cancellation of the said 60,000 shares of Lancer Industries, Inc. common stock (represented by Stock Certificate No. 12367 for 26,000 shares and Stock Certificate No. 12368 for 34,000 shares) now on deposit with the City National Bank & Trust Company of Chicago.

### Memorandum to Counsel

Under the September 26, 1960 agreement between Lancer and Glass Marine, Lancer, in exchange for 300,000 shares of common stock of Glass Marine, was to deliver 60,000 shares of its Lancer common stock to Glass Marine. In carrying out this agreement, Lancer delivered 60,000 shares of its stock issued in the name of Glass Marine to City National Bank & Trust Company of Chicago where it is now held for "safekeeping", in accordance with the terms of the letter of delivery dated September 28, 1960 from Saul S. Nevins, attorney for Lancer, to C. F. Beerger, Trust Officer of the Bank.

1. It appears from this letter that City National Bank and Trust Company of Chicago holds the Lancer stock in "safekeeping" as agent for Glass Marine.[1] Subsequent acts of the parties support this conclusion.[2] Delivery of

---

1. Exhibit B of the Nevins Affidavit in Support of Motion for Cautionary Order Modifying and Clarifying Temporary Restraining Order.

2. See Section (5) of the Judgment by Default and Order in the case of Glass Marine, Inc. v. Leason, et al., in the Delaware Court of Chancery, to which petitioner consented by its attorney.

personalty to an agent is delivery to the principal. Legal ownership of the Lancer stock is, therefore, in Glass Marine and subject to the December 7 restraining order of this Court as extended.

 2. At argument and in its answer to Lancer's motion,[3] the SEC alleged that Lancer was and is a willing party to acts and practices which constitute violations of §§ 17(a) (1), 17(a) (3) and 24 of the Securities Act of 1933, as amended (15 U.S.C.A. §§ 77q(a) (1), 77q(a) (3) and 77(x) and § 10(b) of the Securities Exchange Act of 1934, as amended (15 U.S.C.A. § 78j(b)) and Rule 10b-5 adopted thereunder (17 C.F. R. 240.10b-5). The question of Lancer's illegal intention as part of the statutory violations raised by the SEC allegation is a question of fact that can only be decided after presentation of all the evidence. It cannot be summarily treated on a motion to modify the temporary restraining order as is attempted at this time.

 3. The temporary restraining order issued December 7 from this Court against all the assets of Glass Marine. Subsequently, on December 16, Lancer entered into a settlement agreement with Glass Marine and others and approved by the Delaware Court of Chancery which, in part, required the transfer to Lancer of its stock now held by Glass Marine. I read the order of the Court of Chancery as merely directive because that order of Chancellor Seitz contained no implication the mere entry of the order approved any violation of the Federal Statutes, supra. In point of law, the Lancer stock is an asset of Glass Marine subject to the injunctive processes of this Court's order of December 7 and as extended. As the proceedings develop, here, the Lancer shares may be the subject matter of claims Lancer vis-a-vis the public held shares of Glass Marine.

The above order does not modify the injunction orders heretofore entered in these proceedings. I think there should be an early trial of the complaint of the SEC. Grave charges have been leveled here. An application for trial in March will be entertained.

---

3. C(5) Answer of SEC to Petition and Motion of Lancer Industries, Inc.