SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

GLASS MARINE INDUSTRIES, INC., a Delaware corporation, Defendant.

Civ. A. No. 2276.

United States District Court
D. Delaware.
Oct. 24, 1961.

3. C(5) Answer of SEC to Petition and Motion of Lancer Industries, Inc.

Thomas B. Hart, John J. Enright, and John W. Vogel, Chicago, Ill., and John Frohling, Washington, D. C., for Securities and Exchange Commission.

H. James Conaway, Jr., Morford, Young & Conaway, Wilmington, Del., and Lawrence A. Coles, Jr., Thompson, Raymond, Mayer, Jenner & Bloomstein, Chicago, Ill., for defendant.

Hayden Leason, intervenor, pro se.

Arthur J. Sullivan, Morris, James, Hitchens & Williams, Wilmington, Del., and Saul S. Nevins, Levy & Nevins, New York City, for special intervenor, Lancer Industries. Inc.

LEAHY, Senior District Judge.

The Securities and Exchange Commission brought this action under § 20(b) of the Securities Act of 1933, 15 U.S.C.A. § 77t(b) and § 21(e) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78u (e), and charges Glass Marine Industries, Inc., with certain violations in connection with the public offering on July 6, 1960 of the defendant's securities. The SEC seeks injunctive relief against defendant and the appointment of a liquidating receiver. Defendant denied all charges of violations and has resisted the issuance of an injunction and the appointment of a liquidating receiver. A temporary restraining order was entered in this cause on December 7, 1960, has been extended from time to time and has been amended and modified at various times throughout the pendency of this litigation. It remains in full force, as modified and amended, as of this date. No findings have been made thus far as to the alleged violations by defendant. All the evidence is in and the trial of the cause has been had. The Court awaits defendant's brief and proposed findings of fact.

Defendant has moved the Court to permit defendant to reorganize and merge with other companies in the boat construction industry. It has further moved the Court to approve a settlement agreement negotiated with Lancer Industries, Inc., a debtor of the company, or in the alternative, to modify the outstanding restraining order to permit the effectuation

of that settlement agreement and the merger without specific judicial approval. Defendant contends both motions, if granted, could be supported under the inherent power of this Court, sitting as a court of equity, to use its "inherent power * * * to mold * * * decrees in a manner that best serves the equities of a particular case, wholly apart from the relief sought therein if such relief would not serve the equitable interests involved in such a suit."[1] While the issues involved in the present two motions are similar, sufficient differences are present to call for their separate discussion.

■ 1. Few legal niceties bind a court of equity in its attempt to do "right and justice."[2] It functions through "flexibility rather than rigidity,"[3] in framing its decrees, and it recognizes "there is no limit to the various forms and kinds of specific remedy which * * * [it] may grant, adapted to novel conditions of right and obligation, which are constantly arising from the movements of society."[4] The Supreme Court has recently repeated that "District Courts, in the framing of equitable decrees, are clothed 'with large discretion to model their judgments to fit the exigencies of the particular case.' International Salt Co. v. United States, 332 U.S. 392, 400–401 [68 S.Ct. 12, 17, 92 L.Ed. 20]."[4a]

■■ However wide its freedom in framing decrees, a court is not free to issue any decree where it has decided no justiciable issue brought to it for decision. Here, a law suit has begun, and been tried. The SEC has charged violations by defendant Glass Marine of the Securities Acts of 1933 and 1934. Extensive testimony has been heard and documentary proof offered.[5] No compromise has been reached between the parties, thus eliminating the necessity of making a final judgment on the merits. In fact, the SEC not only opposes the two present motions for lifting the restraining order in order to effect a merger and settle the Lancer claim, but urges the Court to direct defendant to file its argumentative papers and have the Court make its decision in the main cause. Defendant requests the Court to make no decision on the issue presented as to whether there has been a violation of the Securities Acts, but instead to permit the proposed merger and reorganization as negotiated by defendant. This Court has no such power. Whatever form of relief may be ordered should a finding be made that defendant has violated the Acts, none may be made until that determination has been made.

2. Defendant argues, since a court of equity may withhold relief sought by a plaintiff even if it should decide on the merits in favor of a plaintiff, "A fortiori that Court has the right to withhold such relief and grant alternative relief without findings on the merits * * * when such findings are not in the best interest of the public interest to be served."[6] In support of this proposition it cites Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 588, 88 L.Ed. 754, in which the Supreme Court affirmed the decision of the trial judge in his discretion to refuse to grant injunctive relief, under the Emergency Price Control Act, where a violation had been found even though the statute provided that upon a showing of violation by the Administrator "a permanent or temporary injunction * * * shall be granted * * *." In that case the Court stated:

"The historic injunctive process was designed to deter, not to punish. The essence of equity jurisdiction has been the power of the Chancel-

---

1. Defendant's Memorandum in Support of Glass Marine Industries, Inc.'s Plan of Reorganization, p. 12.

2. 1 Pomeroy, Equity Jurisprudence, § 115 (5 ed. 1941) p. 154.

3. Hecht Co. v. Bowles, 321 U.S. 321, 330, 64 S.Ct. 587, 592, 88 L.Ed. 754.

4. 1 Pomeroy, ibid. § 60, p. 77.

4a. United States v. DuPont De Nemours & Co., 353 U.S. 586, 607–608, 77 S.Ct. 872, 885, 1 L.Ed.2d 1057.

5. See, D.C.Del., 194 F.Supp. 879.

6. Defendant's Memorandum, p. 15.

lor to do equity and to mold each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it. The qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs as well as between competing private claims." Ibid., 321 U.S. at page 330, 64 S.Ct. at page 592.

The Hecht case, however, involved the nature of equitable decrees after a decision on the merits had been reached. Other cases cited by the defendant are similarly limited in scope [7] or otherwise unpersuasive.[8]

Defendant's motion that the Court make no findings in this case and instead permit it to reorganize and merge with another firm, is denied.

■ 3. Defendant's motion that the Court either grant approval of the terms of settlement negotiated with Lancer Industries or lift the restraining order to permit such settlement, is also denied. The temporary restraining order issued by this Court preventing the consummation of the proposed settlement, is in effect on a *pendente lite* basis.[9] Throughout this litigation the Court has attempted to avoid assuming administration of the internal affairs of the corporate defendant, Glass Marine. The decision whether the negotiated Lancer settlement is a beneficial one for the corporation is not within this Court's competence to affirm or negate. Such decision is company business, to be allowed or disallowed as the legal considerations may determine, but not to be approved or disapproved by the Court on the basis of its substituted personal business judgment.

■ 4. The request that the restraining order be amended so as to allow the settlement raises different questions of such nature as to require a review of the position of Lancer in this case. Under agreement made on September 26, 1960 between Lancer and defendant Glass Marine, Lancer, in exchange for 300,000 shares of common stock of Glass Marine, was to deliver 60,000 shares of its Lancer common stock to Glass Marine. In carrying out this agreement Lancer delivered 60,000 shares of its stock, issued in the name of Glass Marine, to City National Bank and Trust Company of Chicago. On December 7, 1960 this Court entered an order—an order extended throughout the course of this litigation—temporarily restraining Glass Marine from transferring, selling, assigning, etc. any claim or asset in its possession. Lancer filed a petition for intervention in the instant cause which was allowed by the Court and subsequently filed a motion for modification of the restraining order so as to allow a reversal of the exchange of shares This motion was denied by this Court's Order and Memorandum to Counsel of January 18, 1961, D.C.Del., 199 F.Supp. 16, which held, *pendente lite*, that the shares of Lancer were an asset of Glass Marine, subject to the restraining order and that the order would not be lifted as to such shares. At that time this Court expressed the view that a previous order and decree entered by the Delaware Chan-

---

**7.** Eccles v. Peoples Bank, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784; Gulf, M. & N. R. Co. v. Illinois Central R. Co., D.C.Tenn., 21 F.Supp. 282; Central Kentucky Natural Gas Co. v. Railroad Commission, 290 U.S. 264, 54 S.Ct. 154, 78 L.Ed. 307; Skinner v. Redding, 29 Del. Ch. 276, 48 A.2d 809; and Virginia Ry. Co. v. System Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789, all involved cases that had gone to final decision on their merits.

**8.** S. E. C. v. United States Realty & Improvement Co., 310 U.S. 434, 60 S.Ct.

1044, 84 L.Ed. 1293 involves dismissal of a Chapter XI arrangement under the Bankruptcy Act, 11 U.S.C.A. §§ 501 et seq., 701 et seq. where a Chapter X proceeding was called for on the facts. Ogens v. Northern Industrial Chemical Co., 304 Mass. 401, 24 N.E.2d 1, 126 A.L.R. 280, involves a dismissal granted at the request of plaintiff to prevent judgment from being used as an adjudication of an issue not in fact decided and was confirmed on review on that rationale.

**9.** See, D.C.Del., 199 F.Supp. 16.

cery Court,[10] which provided that Lancer and certain of its directors should deliver to Glass Marine all property Lancer and such directors had transferred to the custody and control of Lancer while such directors were acting or purported to act as directors of Glass Marine, was in no way dispositive of the issue in the case at bar of alleged violations of Federal Law. In this Court's Order and Memorandum further mention was made of the contention of the SEC that Lancer had been a willing party to acts and practices violative of the Securities Acts. At that time this Court stated that "the question of Lancer's illegal intention * * * is a question of fact [which] can only be decided after presentation of all the evidence."

Defendant Glass Marine claims that Lancer Industries owes it $73,000. Lancer denies this, claiming that the money was expended by it on behalf of Glass Marine. As stated, defendant Glass Marine now asks that the settlement agreement it has reached with Lancer be permitted by lifting the restraining order so as to allow a transfer of up to 25,000 of the 60,000 shares held in escrow in Chicago to Glass Marine (12,500 of the shares to be transferred now, another 12,500 shares to be transferred contingently). The other 35,000 shares are to be released unconditionally to Lancer. The 300,000 shares of Glass Marine common held by Lancer are to be returned to defendant. The SEC opposes the transaction, arguing that the $73,000 claim should be litigated and that the 60,000 shares should remain in escrow until the issues in this case have been decided on their merits.

5. Out of this confusing array of charges and countercharges this Court is now asked to exercise its discretion and allow the Lancer settlement to take place. The motion is denied. This case rapidly draws to a close. The trial record is complete and only the absence of defense briefs and answering briefs stay the

Court from considering the merits of the issues involved here. Once rulings are made, after consideration of the trial evidence, issues will become clarified. Should violations be found, this Court will then consider in what manner its decree should be implemented. It may at that time hear argument as to the possibilities of granting injunctions, allowing settlements, appointing receivers, permitting mergers, and any other equitable remedy counsel may suggest. Should no violations be found, all restraining orders will be lifted as a matter of course and defendant will be sent on its way to live its normal corporate existence without further administrative or judicial interference. But grave charges have been leveled here. It is time to settle them.

Defendant's present motions are denied.

---

10. Keenan Hanley et al., v. Hayden Leason et al., CA #1362, (Delaware Chancery Court).